IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,           )
                                    )
                    Plaintiff,      )
                                    )
         vs.                        )
                                    )
BYRON WILLIAMS, RODERICK            )
WILLIAMS, MARIE INEZ HASAN-         )
LOMAX, **TANYA E. CHAISON**, and    )
PAULA MARIE ROBARDS                 )
                                    )
                    Defendants      )    Case No.: A05-76 (4) Cr. (RRB)

## MOTION TO SEVER - AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Tanya Chaison, by and through counsel, David R. Weber, of the firm of Vasquez & Weber, P.C., and, enters this, her Motion To Sever - And Memorandum In Support Thereof. Ms. Chaison respectfully requests that her cause be severed from her co-defendants'.

## MEMORANDUM OF LAW

**A. Severance Based on Bruton Grounds**

In <u>Bruton v. United</u> States, 391 U.S. 123, 136-37 (1968), the Supreme Court held that a defendant's confrontation rights are violated when her co-defendant's confession is admitted at their joint trial, even if the judge instructs the jury that the confession was only admissible against co-defendant. In <u>Lee v. Illinois</u>, 476 U.S. 530, 546 (1986), the Court noted "the weighty presumption against the admission of such uncross-examined evidence" and held that there was no reason "to depart from the time-honored teaching that a co-defendant's confession inculpating the accused is inherently unreliable, and that convictions supported by such evidence violate the constitutional right of confrontation." Finally, in <u>Cruz v. New York</u>, 481 U.S. 186, 193 (1987), the Court further established: "[W]hen a non testifying co-

defendant's confession incriminating the defendant is not directly admissible against the defendant, ... , the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and even if the defendant's own confession is admitted against him."

Cruz is controlling to the extent the Government seeks to use any unsworn statement of a co-defendant (where said statement is not made in furtherance of a conspiracy involving Ms. Chaison, which conspiracy is established by other extrinsic evidence) in this instant case.  Insuch an instance Bruton and Cruz require the court to sever Ms. Chaison's case.

The Government has not provided Ms. Chaison with the statements of her co-defendants.[1]  However, given the number of co-defendants it is likely that the Government has such statements and intends to use them.

This issue is complicated by the fact that ***Ms. Chaison is not charged as a conspirator*** in this matter.  Evidentiary rules concerning co-conspirator statements will not, therefore, apply.  Evidentiary rulings regarding the admissibility of statements against Mr. Byron Williams, Mr. Roderick Williams, Ms. Hasan-Lomax and Ms. Robards ***will not automatically apply to Ms. Chaison***.

Further, the statements relevant to Mr. Byron Williams' use of 6611 9th Ave #2 will not necessarily refer to Ms. Chaison.  In fact, as Ms. Chaison moved from that address in 2004, there is every reason to expect the majority of such references to not be admissible against Ms. Chaison.

---

[1]   The Government has indicated that it has approximately 5000 minutes of recorded telephone calls in this case.  On February 10, 2005, at 12:39 P.M., the Government indicated that it had the recordings ready to produce to Ms. Chaison.  Presumably, there are co defendant statements on the recordings.  Presumably, the Government intends to use some of the statements at trial.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123

**B. Severance Based on Improper Joinder**

Federal Rule of Criminal Procedure 8 (b) permits the joinder multiple defendants. Rule 8(b) permits joinder of defendants in a single indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. "Where more than one defendant is named in an indictment, the provisions of rule 8(b) control." United States v. Satterfield, 548 F.2d 1341, 1344 (9th Cir. 1977). Rule 8(b), which provides the analytical framework for joinder when more than one defendant is charged. 8 Moore's Federal Practice § 8.06[l], at 24; see United States v. Velasquez, 772 F.2d 1348 (7th Cir. 1985), cert. denied, U.S. 1021 (1986) ("the Government may not tack Rule 8(a) and Rule 8(b) together and in one indictment charge different persons with committing offenses of 'similar' character"). Co-defendants are properly joined for trial "only if all of the offenses charged in the indictment arose out of the same series of transactions." United States v. Satterfield, 548 F.2d at 4.

But for the Bruton problem discussed above, Ms. Chaison would be properly joined in Count 2 with Mr. Byron Williams. With regard to Count 1, however, joinder is clearly problematic. The singular conspiracy alleged does not obviate the fact that the Government has "packaged" Ms. Chaison with people engaged in transactions that did not involve her. With the exception of the first overt act (e.g. renting an apartment) Count I does not even allege Ms. Chaison's participation, knowledge or responsibility in any part of the Conspiracy

> As Professor Wright explains:
> No matter how similar offenses may be, they may not be joined
> in a case in which there is more than one defendant unless they
> can be said to arise out of a series of acts or transactions. Three

> kinds of situations may arise, but the principle just stated is controlling, and the same result should be reached, in each.
> [. . .]
> Next is the situation in which two defendants are jointly charged with committing an offense, and there is an unrelated charge that on some other occasion one of the defendants committed a similar offense. ***Again joinder is not permitted***.
> [. .]

1 Wright, Federal Practice and Procedur-e § 144 (2d ed. 1982) (emphasis added). Joinder under Rule 8(b) is improper unless the Government can demonstrate that each separate act is a component of a series of acts or transactions indicative of a conspiracy, joint venture, common scheme or plan. United States v. Felix-Gutierrez, 940 F.2d 1200, 1208-09 (9th Cir. 1991), cert. denied, 113 S.Ct. 2332 (1993); United States v. Satterfield, 548 F.2d 1341, 1344-46 (9th Cir. 1977).

Ms. Chaison is not charged in the Conspiracy. The Conspiracy alleges ten (10) overt acts, nine (9) of which do not concern 6611 9th Ave. #2. The one overt act relating to 6611 9th Ave. #2 is a conclusion with no supporting factual allegation of drug use, possession, manufacture or storage.[2]

## C.   Severance Based on Prejudicial Joinder

Federal Rule of Criminal Procedure 14 gives a District Court discretion to grant severance even if the joinder is technically proper per Rule 8. The trial court should grant a motion to sever whenever "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United

---

[2]   According to Discovery, on August 13, 2005, one year and two months after the expiration of Ms. Chaison's lease, drugs were allegedly found at the address. Ms. Chaison, however, was not. She was living elsewhere.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123

1  States, 506 U.S. 534, 539 (1993).  The moving defendant must show a likelihood
2  of unfair prejudice if she is subjected to a joint trial.
3        Unfair prejudice arises for several reasons.  See generally, Satterfield, 548
4  F.2d at 1344-47; United States v. Massa, 740 F.2d 629 (8th Cir. 1984) (severance
5  proper where jury could not be expected to compartmentalize evidence against co-
6  defendant), cert. denied, 471 U.S. 5 (1985); United States v. Lewis, 787 F.2d 1318
7  (9th Cir.) (admission of other crimes in one count prejudiced defendant on other
8  joined count where evidence weak on second charge), modified, 798 F.2d 1250,
9  cert.denied, 489 U.S. 1032 (1989).
10       In addition to the reasons set forth above in the sections discussing Bruton
11 severance and the basis for finding improper joinder, unfair prejudice arises for
12 several reasons.  First, the vast scope and activity of the overall conspiracy alleged
13 may well raise a guilt-by-association inference against Ms. Chaison.  If the jury
14 considers the evidence against all the co-defendants while trying Ms. Chaison, the
15 jurors, even given the paucity of evidence and minimal allegations of involvement
16 leveled against Ms. Chaison, will be inclined to convicted Ms. Chaison based on
17 "the others did something, he probable did too" sentiments.
18       These sentiments are an improper basis for conviction.  The joinder will
19 create an unfair propensity to convict.  Thus, even if the Counts are properly
20 joined, the Counts should be severed to remove the serious risk that a joint trial
21 would prevent the jury from making a reliable judgment about Ms. Chaison's guilt
22 or innocence.
23       Second, substantially the same facts would not be introduced at separate
24 trials.  The lease agreement would presumably be the same.  The other nine overt
25 acts would be out.  Mr. Byron Williams dealings at 6611 East 9th #2 that do not

1  implicate Ms. Chaison (e.g. August 13, 2005) would be out. A severed trial would
2  be a very different (and very short) trial.
3      Third, limiting instructions to the jury are generally not sufficient to cure the
4  prejudice to the co-defendant. Proof of fact, statements, actions and transactions
5  not properly attributable to Ms. Chaison will unfairly prejudice her. See
6  Satterfield, 548 F.2d at 1346-47; United States v. Maranahi, 718 F.Supp. 1450
7  (N.D. Cal. 1989) (ordering separate trials for various defendants).

## CONCLUSION

9      For the reasons set forth above, Ms. Chaison requests that enter of an Order
10 severing Ms. Chaison's trial from that of her co-defendants. The Court is
11 respectfully requested to so Order.
12     Respectfully submitted this 10th day of February 2006.

                Vasquez & Weber, P.C.
                Attorneys for Tanya E. Chaison

                S.S.: David R. Weber,
                Ak. Bar Assn. No. 8409083

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123