IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| BYRON WILLIAMS, RODERICK WILLIAMS, MARIE INEZ HASAN-LOMAX, **TANYA E. CHAISON**, and PAULA MARIE ROBARDS | ) ) ) ) |
| Defendants | ) Case No.: A05-76 (4) Cr. (RRB) |

**MOTION TO REQUIRE DISCLOSURE OF 404(b) EVIDENCE - AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW Tanya Chaison, by and through counsel, David R. Weber, of the firm of Vasquez & Weber, P.C., and, enters this, her Motion To Require Disclosure Of 404(B) Evidence - And Memorandum In Support Thereof. Counsel has conferred with the Government concerning the material requested herein and has failed to reach a satisfactory agreement. Pursuant to Federal Rule of Evidence 404(b) and to U.S. Const. Amend. V, VI, and VIII, Ms. Chaison moves this Court for an Order requiring the government to provide notice within the next thirty (30) days of its intention to offer evidence of other crimes, wrongs, or bad acts allegedly committed by Ms. Chaison, and to disclose the facts and circumstances underlying such evidence.

Federal Rule of Evidence 404(b), in conjunction with Rule 403, regulates the admissibility of evidence of other crimes, wrongs, or bad acts allegedly committed by the defendant or others in the course of his trial on the instant charges. Rule 404(b) "has emerged as one of the most cited Rules in the Rules of

Evidence." Commentary to 1991 Amendment of Rule 404(b), Federal Criminal Code and Rules, 231 (1991 Rev. Ed.).

When such evidence is offered at trial, extensive litigation usually ensues. The issue as to whether or not the evidence serves a legitimate purpose, or whether it serves instead to prove a criminal propensity or general bad character, is usually hotly contested. Equally controversial is the judgment the Court has to make as to whether or not any legitimate probative value outweighs the serious risk of unfair prejudice. An erroneous determination of the admissibility of such evidence may well be reversible error, and, in some cases, creates error of constitutional magnitude. See, e.g., Walker v. Engle, 703 F.2d 959 (6th Cir. 1983); Bryson v. Alabama, 634 F.2d 862 (5th Cir. 1981).

Most Courts and commentators have recognized the desirability of requiring the proponent of such evidence to give pretrial notice of the intent to introduce it, so that litigation can occur before jeopardy attaches. Not only does this facilitate litigation of the issues, but it also provides the person against whom such evidence may be admitted with a fair opportunity to prepare to meet the impact of other uncharged offense evidence. United States v. Foskey, 636 F.2d 517, 526 n.8 (D.C. Cir. 1980); Imwinkelried, Uncharged Conduct Evidence § 906 (1984) & 1987 (Cumulative Supplement). This view became a part of Rule 404(b) with the adoption of an amendment effective on December 1, 1991. The rule now conditions admissibility of such evidence upon government disclosure. If other crime evidence is otherwise admissible, it may be introduced --

> provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause

shown, of the general nature of any such evidence it intends to introduce at trial.

Federal Rule of Evidence 404(b). The purpose of the amendment is "to reduce surprise and promote early resolution of the issue of admissibility." Commentary, supra at 231.

Pretrial disclosure upon request is required, regardless of when or how the government intends to use the evidence at trial. "The amendment requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal." Commentary, supra at 231.

Because admissibility is conditioned upon the provision of satisfactory pretrial notice, "the offered evidence is inadmissible if the court decides that the notice requirement has not been met." Commentary, supra at 231.

In this case the Government has given no indication of when, if ever, it intends to provide Rule 404(b) evidence seven days prior trial. This case could see Ms. Chaison sent to prison for up to 20 years of her life. Ms. Chaison is requesting disclosure of 404(b) evidence within thirty (30) days of the date of an Order granting this motion.

The failure to provide pretrial disclosure of other crimes evidence in this purportedly capital case would impair defendant's rights to due process of law, to the effective assistance of counsel, to confront witnesses against him, and to compel the presence of witnesses in his own behalf, all in violation of his Fifth and Sixth Amendment rights under the United States Constitution. Moreover, the surprise introduction of such evidence without sufficient pretrial notice would

1  impair his right to a full and fair hearing, rendering any subsequent conviction and
2  sentence violative of the Eighth Amendment to the United States Constitution.
3      For the reasons set forth above, and for such other reasons as may appear to
4  the Court, Ms. Chaison requests that his Motion to Require Disclosure of 404(b)
5  Evidence be granted, and that the accompanying proposed Order be entered.  The
6  Court is respectfully requested to so Order.
7      Respectfully submitted this 10th day of February 2006.

Vasquez & Weber, P.C.
Attorneys for Tanya E. Chaison

*[signature]*

S.S.: David R. Weber,
Ak. Bar Assn. No. 8409083

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123