IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                                                             )<br>                       Plaintiff,            )<br>                                                             )<br>        vs.                                               )<br>                                                             )<br>BYRON WILLIAMS, RODERICK        )<br>WILLIAMS, MARIE INEZ HASAN-  )<br>LOMAX, **TANYA E. CHAISON**, and )<br>PAULA MARIE ROBARDS              )<br>                                                             )<br>                       Defendants         )<br>_____) | Case No.: A05-76 (4) Cr. (RRB) |

## MOTION PERTAINING TO CONFIDENTIAL INFORMANTS - AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Tanya Chaison, by and through counsel, David R. Weber, of the firm of Vasquez & Weber, P.C., and, enters this, her Motion Pertaining To Confidential Informants - And Memorandum In Support Thereof. Counsel has conferred with the Government concerning the material requested herein and has failed to reach a satisfactory agreement.

## MATERIALS REQUESTED

Ms. Chaison moves this Court for an Order requiring the government to produce the names, current addresses, and copies of statements of confidential informants at a date certain prior to trial. Mr. Chaison only seeks such information concerning informants claiming to provide information or evidence that Ms. Chaison violated, *or did not violate*, 21 U.S.C. § 586 with regard to 6611 E. 9th Avenue, Apartment #2 in Anchorage Alaska on or about January 11, 2004 to August 13, 2005.

## **MEMORANDUM OF LAW**

The basic premises for compelling disclosure of the identity of a confidential informant are set forth in Roviaro v. United States, 353 U.S. 53 (1957). In Roviaro, the Court noted that the government's privilege to withhold the identity of informants is grounded in "the furtherance and protection of the public interest in effective law enforcement." Id. at 59. That interest, however, is subject to limitations. Among them is the right of the accused to prepare a defense.

As the Court noted in Roviaro, 353 U.S. at 60-61:

> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. [Footnote omitted.] In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action. [Footnote omitted.]

In Roviaro, 353 U.S. at 62, the Court went on to hold that the trial court should balance a number of factors such as "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." See United States v. Hernandez-Vela, 533 F.2d 211, 213 (5th Cir. 1976).

The need for contextual accuracy which any confidential informer in the case at bar possibly can provide was shown in Alderman v. United States, 394 U.S. 165, 182 (1969), where the Court required disclosure of surveillance records to a defendant on the basis that:

> An apparently innocent phrase, a chance remark, a reference to what appears to be a neutral person or event, the identity of a caller or the individual on the other end of a telephone, or even the manner of speaking or using words may have special significance to one who knows the more intimate facts of an accused's life. And yet that

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123

> information may be wholly colorless and devoid of meaning to one less well acquainted with all relevant circumstances. Unavoidably, this is a matter of judgment, but in our view the task is too complex, and the margin for error too great, to rely wholly on the in camera judgment of the trial court to identify those records which might have contributed to the Government's case.

[Citing Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966); Palermo v. United States, 360 U.S. 343, 354 (1959); and Roviaro, supra.]

The need for disclosure of an informer's identity becomes particularly acute where, as here, the Defendant could have been informed against for reasons of animus. Portomene v. United States, 221 F.2d 582 (5th Cir. 1955). Likewise, the possibility that an informant could be involved in a questionable transaction is justification enough for compelling the government to divulge his or her identity. See Gilmore v. United States, 256 F.2d 565, 567 (5th Cir. 1958).

Here, the Indictment provides little information about the who, what, when, where and why of the allegations against Ms. Chaison. The discovery to date simply established that on January 12, 2004 Ms. Chaison signed a six (6) month lease on 6611 East 9th, Apartment #2 in Anchorage, Alaska. More than a year and a half later, on August 13, 2005, A05-145 SW was served on that address and illegal drugs were seized. However, no evidence linking Ms. Chaison to that address at or about that time appears to have been seized. No such information has bee provided.

Either the Government is guessing or some faceless, nameless person or persons has/have accused Ms. Chaison. She should know who they are and what they allege. She should know sufficiently in advance of trial (45 day) to allow for trial preparation and investigation.

In any event, Ms. Chaison will seek out the existence of a confidential informer in the trial court in an effort to show "how the informant's testimony could help establish petitioner's innocence". <u>Rugendorf v. United States</u>, 376 U.S. 528, 535 (1964). Therefore, even if this Court does not believe that an informer's testimony could be material during these early stages of the proceedings, the Defendant specifically requests that this Court order disclosure of the confidential informant if his or her testimony becomes material prior to the trial of this case. The Defendant, however, urges this Court to exercise its discretion for ordering the disclosure of any confidential informant so that the significance of any informant's testimony can be developed fully prior to trial. <u>Hernandez-Vela</u>, 533 F.2d at 213.

## CONCLUSION

For the reasons set forth above, Ms. Chaison requests that enter of an Order requiring the government to produce the names, current addresses, and copies of statements of confidential informants at a date certain. Said date should be well in advance of trial (45 days) in order to provide an adequate opportunity to prepare and investigate. The Court is respectfully requested to so Order.

Respectfully submitted this 10th day of February 2006.

Vasquez & Weber, P.C.
Attorneys for Tanya E. Chaison

_____
S.S.: David R. Weber,
Ak. Bar Assn. No. 8409083