IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| BYRON WILLIAMS, RODERICK WILLIAMS, MARIE INEZ HASAN-LOMAX, **TANYA E. CHAISON**, and PAULA MARIE ROBARDS | ) |
| Defendants | ) Case No.: A05-76 (4) Cr. (RRB) |

## MOTION FOR DISCOVERY OF "DEFENDANT'S STATEMENTS" - AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Tanya Chaison, by and through counsel, David R. Weber, of the firm of Vasquez & Weber, P.C., and, pursuant to the dictates of Kyles v. Whitley, 514 U.S. 419 (1995), Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976), United States v. Bagley, 473 U.S. 667 (1985), and Fed. R. Crim. P. 16, enters this, her Motion For Discovery Of "Defendant's Statements" - And Memorandum In Support Thereof.  Counsel has conferred with the Government concerning the material requested herein and has failed to reach a satisfactory agreement.

Ms. Chaison respectfully moves for an entry of an Order requiring the Government to disclose and provide the following specific information and material known or that with the exercise of due diligence should be known to the Government.  This information is favorable to the Defendant on the issues of guilt or punishment, including impeachment information and other material and evidence tending to discredit the Government's witnesses, in addition to any other

matters known to the Government that may be exculpatory or otherwise favorable to the defendant.

Defendant requests all information, documents, statements and material to which they are entitled under Federal Rule of Criminal Procedure 16. This includes those items which are "material to the preparation of the defendant's defense or are intended for use by the Government as evidence-in-chief at the trial, or were obtained from or belonged to the defendant(s). F.R.Cr.P. 16(a)(1)(C). This motion is not intended to relieve the Government of the duty to provide all such information to defendants or to supplement such disclosure as required. F.R.Cr.P. 16(c). Rather, this motion is designed to focus on specific information, evidence and material to which the defendants are entitled, but which have not yet been provided.

## MATERIALS REQUESTED

A. **Statements of the Accused**

The constitutional obligation to furnish discovery material extends to provision of the accused's statements, Clewis v. Texas, 386 U.S. 707, 712 n.8, 87 S.Ct. 1338, 18 L.Ed. 2d 423 (1967), and is further governed by F.R.Cr.P. 16(a)(1)(A). The accused's statements include summaries of his or her statements made by Government agents or witnesses during the course of interviewing or monitoring the accused which were recorded or memorialized at any time. U.S. v. Walk, 533 F.2d 417, 418 (9th Cir. (Cal.) 1975); U.S. v. Carter, 621 F.2d 238, 240 (6th Cir. (Mich.) 1980) cert. denied 449 U.S. 858 (1980); U.S. v. Laten, 564 F. Supp. 1391, 1395-96 (D.C. Or. 1983); U.S. v. Egan, 501 F. Supp. 1252, 1264 (S.D.N.Y. 1980) (accused entitled to rough or handwritten notes of agent made during interview); U.S. v. Johnson, 525 F.2d 999, 1004 (2nd Cir. (N.Y.) 1975) cert. denied 424 U.S. 920 (1976) (both verbatim statements and summaries recorded

after the fact are discoverable); U.S. v. Thevis, 84 F.R.D. 47, 55-56 (N.D.Ga. 1979) (accused's statements made to third-parties later related to Government are discoverable prior to trial, discovery not barred by Jencks Act as statement remains that of accused); U.S. v. Gallo, 654 F. Supp. 463, 470-71 (E.D.N.Y. 1987).

Ms. Chaison is requesting that the Court Order the Government to disclose the following:

1. All statements of defendant(s)[1], regardless of their form, and regardless of whether the Government considers them relevant;

2. All waivers of right(s) allegedly signed by the defendant;

3. All summaries and/or notations of defendant(s) statements made by Government agents or witnesses, including State and Local Officers working with the Government;

4. All recordings of Ms. Chaison's questioning by any State or Local law enforcement officer, in whole or in part, on January 27, 2006 in a "place of detention" as required by Stephan v. State, 711 P.2d 1156 (Alaska 1985);

5. All statements or summaries of statements made by third-parties to the Government, purporting to relate statements made by defendant(s); and

6. To the extent not covered by the paragraphs above, all statements, confessions, admissions, remarks or utterances of the defendant(s), or any alleged unindicted co-conspirator made to any investigating officers of agents of the United States Government, including attorneys.

---

[1] As set forth below, given the Government's assertion of a conspiracy, it is highly likely that the Government will be trying to put other peoples' words into Ms. Chaison's mouth.

**B.    Co-Conspirator Statements**

The interplay between F.R.Cr.P. 16(a)(1)(A) and F.R.E. 801(d)(2)(E) requires disclosure of all co-conspirator statements which the Government may seek to introduce at trial. To the extent statements not made by the defendant personally are admissible against her as non-hearsay admissions pursuant to 801(d)(2)(E), then they are her statements for the purposes of discovery under Rule 16. See U.S v. Thevis, 84 F. R. D. 47, 56-57 (N. D. Ga. 1971).[2]

Some courts have rejected this contention. See U.S. v. Percevault, 490 F.2d 126 (2nd Cir. (N.Y.) 1974) (relying upon the characterization of co-conspirator statements of prospective witnesses as Jencks material). This approach begs the question, however, because Rule 16(a)(2) makes clear that the exclusion of a discovery obligation for Jencks material does not apply to the defendant's own statements. Additionally, the United States Supreme Court's determination that the confrontation clause does not impose an unavailability requirement before co-conspirator statements may be admitted at trial raises questions about the continuing vitality of Percevault and its progeny. See U.S. v. Inadi, 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed. 2d 390 (1986); U.S. v. Gallo, 654 F. Supp. 463 (E.D.N.Y. 1987).

Even courts which follow the reasoning in Percevault recognize the Government is required to produce "all statements made by defendants and co-conspirators that the Government plans to offer at trial as admissions of the

---

[2]    Ms. Chaison is not named in Count I, the Conspiracy Count. However, the language of Count I includes "and others" as part of the alleged Conspiracy. The first "overt act" of the alleged Conspiracy is the renting of 6611 East 9th Ave. #2 in Anchorage, Alaska "for the purpose of storing and processing cocaine and manufacturing cocaine base." Ms. Chaison is charged in Count II, with renting of that apartment for that purpose.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122     FACSIMILE (907) 279-9123

defendant" except for any statements made by co-conspirators who are prospective witnesses. U.S. v. Gallo, supra; 654 F. Supp. at 480. Although somewhat unclear, the Ninth Circuit appears to be in accord. See, U.S. v. Cadet, 727 F.2d 1453, 1463 (9th Cir. (Cal.) 1984) (it is assumed that this is the law in the Ninth Circuit although this issue was not specifically ruled upon by the court.) In Cadet, the Government apparently conceded that such information was discoverable subject to the Court's limitation imposed in U.S. v. Gallo.

The independently sufficient bases for this conclusion are Rule 16 and the court's inherent authority to regulate discovery in criminal cases. Courts have long recognized that disclosure should be made of co-conspirator statements where the declarants are not prospective Government witnesses. See, e.g. U.S. v. Gallo, supra; U.S. v. Turkish, 458 F. Supp. 874, 882 (S.D.N.Y. 1978); U.S. v. Bloom, 78 F. R. D. 591, 61 8 (E. D. Pa. 1977); U. S. v. Fine, 413 F. Supp. 740, 742-43 (W. D. Wis. 1976).

If the Government gets the benefit of attributing certain third-party statements to the defendant, it should have the corresponding obligation to disclose those statements to the defense before trial.

**C.   Adoptive Admissions**

Unlike the situation involved in co-conspirator statements, adoptive admissions are directly attributed to the accused because of his or her own action or inaction at the time statements are made in his or her presence. Accordingly, such statements should be discoverable under F.R.Cr.P. 16(a)(1)(A). Additionally, and independently, any alleged adoptive admissions which the Government does not intend to introduce, but which are favorable to the accused, must be disclosed under constitutional principles embraced in the rational of Brady v. Maryland.

**D.    Timing**

The combined force of Brady and Rule 16(a)(1)(C) constitutes a strong basis for extensive pre-trial disclosure. Numerous district courts have ordered such discovery both before and after the 1975 amendments which were intended to liberalize Federal Criminal Rule 16. See U.S. v. Thevis, 84 F.R.D. 47 (N.D.Ga. 1971); U.S. v. Five Persons, supra; U.S. v. Goldman, 439 F. Supp. 337, 349 (S.D.N.Y.) 1977; U.S. v. Dillard, 419 F. Supp. 1000, 1001 (N.D. Ill. 1976); U.S. v. Duetsch, 373 F. Supp. 289, 290-91 (S.D.N.Y. 1974).

The best practice for determining the admissibility of proffered statements consists of a pre-trial hearing at which time the court can make determinations as to whether or not the prerequisites to admissibility are likely to be met by the Government at trial. U.S. v. Kopituk, 690 F.2d 1 289, 1 324 (11th Cir. (Fla.) 1982) cert. denied 463 U.S. 1209 (1983); U.S. v. James, 590 F.2d 575, 581-82 (5th Cir. (Ga.) 1978) cert. denied 442 U.S. 917 (1979). In order for this desirable practice to be effective, disclosure of co-conspirator statements which the Government seeks to introduce at trial must be made sufficiently ahead of the hearing so that the defense is in a position to perform its function in the adversary process of evaluating the sufficiency of the Government's offers on the admissibility predicates.

Ms. Chaison is asking for a meaningful opportunity to prepare their respective defenses, and to prepare for cross-examination. To be meaningful, disclosure must occur at a time when the defendants can investigate the information, see what new information it leads to, and formulate a plan for the utilization of the information pre-trial and during trial.

## **CONCLUSION**

For the reasons set forth above, Ms. Chaison requests that enter of an Order requiring the Government to produce the described specific information and materials at a time sufficiently prior to trial to allow Ms. Chaison to prepare for trial. Such period should not be less than 30 days prior to trial. The Court is respectfully requested to so Order.

Respectfully submitted this 10th day of February 2006.

Vasquez & Weber, P.C.
Attorneys for Tanya E. Chaison

S.S.: David R. Weber,
Ak. Bar Assn. No. 8409083

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123