IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| BYRON WILLIAMS, RODERICK WILLIAMS, MARIE INEZ HASAN-LOMAX, **TANYA E. CHAISON**, and PAULA MARIE ROBARDS | ) ) ) ) ) ) |
| Defendants | ) ) |

Case No.: A05-76 (4) Cr. (RRB)

## MOTION FOR PRODUCTION AND INSPECTION OF GRAND JURY PROCEEDINGS - AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Tanya Chaison, by and through counsel, David R. Weber, of the firm of Vasquez & Weber, P.C., and, pursuant to F.R.Cr.P. 6(e), enters this, her Motion For Production And Inspection Of Grand Jury Proceedings - And Memorandum In Support Thereof. Counsel has conferred with the Government concerning the material requested herein and has failed to reach a satisfactory agreement.

## MATERIALS REQUESTED

Ms. Chaison moves this Court for an Order permitting the production and inspection of the Grand Jury proceedings in this case, as follows:

1. The inspection and copying of the proceedings of the Grand Jury that returned the present Indictment or grand juries that considered the subject matter of this Indictment, including but not limited to:

   a. the transcript of testimony of all persons who testified before the Grand Jury that returned the Indictment in this action;

b. all notes, documents, papers and reports that were used by any witness in testifying before the Grand Jury; and

c. any and all books, records or other documents obtained from the defendant or any third persons which the Grand Jury relied on returning the charges in the Indictment or which the government intends to rely on to establish the charges set forth in the Indictment.

2. All notes, records, documents relating to the Grand Jury that returned this Indictment and those of other grand juries that considered the subject in this Indictment, that relate to who was present during the proceedings of the Grand Jury, those persons to whom matters and proceedings of the Grand Jury were disclosed, including the certification by the attorney of the government that such persons had been advised of their obligation to secrecy pursuant to F.R.Cr.P. 6(e)(3)(b).

3. All the records, documents, or orders (if any) of the Grand Jury that returned this Indictment and other grand juries that considered the subject matter of this Indictment, relative to the disclosure of matters occurring before a Grand Jury to successive and other grand juries.

## **MEMORANDUM OF LAW**

There is no requirement that a "particularized need" be shown before granting disclosure of Grand Jury materials. See Allen v. United States, 390 F.2d 476 (D.C. Cir. 1968), suppl. by 404 F.2d 1335, Schlinsky v. United States, 379 F.2d 735 (1st Cir. 1967), and Cargill v. United States, 381 F.2d 849 (l0th Cir. 1967).

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123

The Court has the discretion to order that all records relating to the Grand Jury which indicted defendants be made available to the defense including, but not limited to:

1. Records reflecting beginning and end of the Grand Jury's term;
2. Records reflecting the days during which the Grand Jury heard testimony;
3. Records reflecting the manner in which the jury panel is selected;
4. Records reflecting the manner in which grand jurors were selected from the panel;
5. Juror qualification questionnaire;
6. Juror attendance record.

Nevertheless, a "particularized need" exists here.

Ms. Chaison has the right to challenge the process by which the grand jurors were selected, as well as other ministerial aspects of the Grand Jury process leading to her Indictment. For example, if the term of the Grand Jury expired before it issued the Indictment in this case, the Indictment would be void.

Under the Supreme Court decision in United States v. Mechanik, 475 U.S. 66 (1986), there is an implicit requirement that all issues involving use of the Grand Jury process be resolved prior to trial. This is consistent with a number of federal courts that presume the existence of prejudice where an unauthorized person is in the Grand Jury room. In such cases these courts apply a rule of automatic dismissal of the Indictment. For example, see United States v. Fulmer, 722 F.2d 1192, 1195 at n. 5 (5th Cir. 1983), United States v. Echols, 542 F.2d 948, 951 (5th Cir. 1976), cert. denied, 431U.S. 904 (1977); and Latham v. United States, 226 Fed. 420 (5th Cir. 1915).

In order to even evaluate such challenges, defendants need access to the Grand Jury records. Even members of the general public are entitled to access to ministerial records in the files of the district court. See In re Special Grand Jury (for Anchorage, Alaska), 674 F.2d 778, 780-81 (9th Cir. 1982); accord 2 S. Beale & W. Bryson, Grand Jury Law and Practice, § 7.06 at 30 n.2 (1986). A defendant has even a stronger need for such access. See U.S. v. Hubbard, 474 F. Supp. 64, 85 (D.C.D.C. 1979) (defendant entitled to Grand Jury records which had helped her evaluate basis for challenge of Grand Jury selection and composition).

The power of a court to disclose proceedings of the Grand Jury is within the trial court's discretion under F.R.Cr.P. 6(e). See Menendez v. United States, 393 F.2d 312, 316 (5th Cir. 1968). Other indications of such discretionary authority is fully documented in the language of the rule, since that rule empowers a court to grant disclosure "preliminary to", as well as "in connection with", a judicial proceeding. This power or preliminary disclosure was recognized by the United States Supreme Court in Dennis v. United States, 384 U.S. 855, 870 (1966).

Disclosure of Grand Jury materials should be denied only when, in the interest of justice, reasons for maintaining secrecy are heavily countervailing. The Indictment has already been returned and those reasons mandating secrecy in the first instance, are no longer applicable. In considering a request for disclosure of a grand jury transcript, the court must balance the public interest in continued secrecy of grand jury proceedings against the defendant's need for access to the transcript. See Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 21 1, 222 (1979). As a respected commentator points out, when the considerations justifying secrecy become less relevant, there is a lesser burden on the party seeking disclosure. Charles A. Wright, I FEDERAL PRACTICE AND PROCEDURE §

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123

106, at 252-53 (2d ed. 1982). Given the absence of any special reason for preserving secrecy and the strong need demonstrated by the defense for access to the transcript, the balance in this case tips in favor of disclosing the transcript to the defense.

## CONCLUSION

For the reasons set forth above, Ms. Chaison requests that enter of an Order granting this motion for production and inspection of Grand Jury proceedings. The materials should be produced sufficiently in advance of trial that motions challenging the Grand Jury proceedings can be prepared and decided well in advance of the current trial date of March 30, 2004. The Court is respectfully requested to so Order.

Respectfully submitted this 10th day of February 2006.

            Vasquez & Weber, P.C.
            Attorneys for Tanya E. Chaison

            _____
            S.S.: David R. Weber,
            Ak. Bar Assn. No. 8409083