VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122 FACSIMILE (907) 279-9123



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

BYRON WILLIAMS, RODERICK WILLIAMS, MARIE INEZ HASAN-LOMAX, **TANYA E. CHAISON**, and PAULA MARIE ROBARDS

Defendants

Case No.: A05-76 (4) Cr. (RRB)

# MOTION FOR PRODUCTION AND INSPECTION OF LAW ENFORCEMENT OFFICER RECORDS - AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Tanya Chaison, by and through counsel, David R. Weber, of the firm of Vasquez & Weber, P.C., and enters this, her Motion For Production And Inspection Of Law Enforcement Officer Records - And Memorandum In Support Thereof. Counsel has conferred with the Government concerning the material requested herein and has failed to reach a satisfactory agreement.

## MATERIALS REQUESTED

Ms. Chaison moves this Court for an Order permitting the production and *in camera* inspection of all records and information which pertain to any instance of conduct which might arguably reflect on the agents' or officers' credibility or which might arguably be used to develop impeachment information regarding the officer(s). This includes, but is not limited to, all instances involving allegations, complaints or acts of:

(1) false arrest,

(2) fabrication of charges,

(3) fabrication of evidence,

(4) unreasonable or illegal searches and seizures under the Fourth Amendment to the United States Constitution,

(5) dishonesty,

(6) improper tactics,

(7) neglect of duty,

(8) prior drug usage, or

(9) any other instance of conduct reflecting on the officers' credibility, veracity or potential bias.

The information sought concerning such allegations, complaints or acts includes, but is not limited to, the following:

a. The names, addresses and telephone numbers of person(s) who submitted any of the allegations or complaints described above;

b. The names, addresses, and telephone numbers of all persons, whether police officers or private witnesses, mentioned as witnesses to the events described in the allegations, complaints or acts described above;

c. A copy of all statements made by the complainants and all witnesses who were interviewed in the investigation of the allegations, complaints or acts described above;

d. A copy of all statements made by the police offices interviewed in the investigation of the allegations, complaints or acts described above;

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122 FACSIMILE (907) 279-9123

e. Verbatim copies of all other records, reports, notes and recordings made, and copies of photographs taken, in the course of the investigation of the allegations, complaints or acts described above;

f. All department records and statements of opinion about the officers' reputation relevant to the allegations, complaints or acts described above, including, but not limited to, findings, letters, formal reports, comments, evaluations, assessments, disciplines imposed, and/or records of conversations involving superior officers or fellow officers of the Police Department personnel listed above pertaining to any of the actions noted in the allegations, complaints or acts described above;

g. All documents, reports, files, folders and other documentary material regarding any ongoing investigations being conducted by any entity within the relevant police department or the relevant Office of Citizen Complaints related to the allegations, complaints or acts referenced above.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122 FACSIMILE (907) 279-9123

**MEMORANDUM OF LAW**

Ms. Chaison has been presented with a Federal prosecution resulting from an investigation by Federal, State and local law enforcement agents and officers. The credibility of these agents an officers will be a critical issue in this case. This motion asks the Court to undertake a review of the personnel files of the law enforcement agents and officers, and asks the Court to turn over to the defense those personnel files where they are material to the credibility of the agents and officers.

The defense is only beginning to assemble the list of officers involved. The defense is entitled to request the Court to undertake an *in camera* review to determine whether exculpatory or impeaching information in those personnel files must be disclosed to the defense in order to protect Ms. Chaison' due process rights.

**A. Defendants Are Entitled to All Records and Information Relevant to the Impeachment of the Investigating Agents and Officers**

The information sought by this motion is relevant to impeach the testimony and credibility of agents and/or officers who will be witnesses in this case at Franks hearings and/or trial, to prove character traits of the agents and/or officers in question, to establish their bias, to refresh recollection, and to prove their conduct, custom, propensity and habit in conformity with such traits.

The Due Process Clause of the Fifth and Fourteenth Amendments is the touchstone for the right of a Federal criminal defendant to the production of exculpatory evidence in the possession of the government. In 1963, the Supreme Court in Brady v. Maryland, 373 U.S. 83 (1963) made this right a pillar of our judicial system. See also Giglio v. United States, 405 U.S. 150 (1972); Giles v. Maryland, 386 U.S. 66 (1967); Napue v. Illinois, 360 U.S. 264 (1959). This includes all evidence pertinent to a witness' credibility or reliability. United States v. Feola, 651 F.Supp. 1068, 1135 (S.D.N.Y. 1987). Thus, the law requires that defendants be provided with information regarding all prior material acts of misconduct by witnesses. See United States v. Seijo, 514 F.2d 1357 (2d Cir. 1975), cert. denied, 429 U.S. 1043 (1977); United States v. Rosner, 516 F.2d 269 (2d Cir. 1975), cert. denied, 427 U.S. 911 (1976); United States v. Stroop, 121 F.R.D. 269 (E.D.N.C. 1988).

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122 FACSIMILE (907) 279-9123

The Ninth Circuit has noted the scope of the Brady doctrine is broad, having been interpreted to compel the "disclosure of evidence that in any way may be exculpatory." United States v. Miller, 529 F.2d 1125, 1128 (9th Cir.), cert. denied, 426 U.S. 924 (1976).

In United States v. Agurs, 427 U.S. 97 (1976), the Supreme Court addressed the scope of disclosure, expressly admonishing that any errors should be made on the side of disclosure:

> Because we are dealing with an inevitably imprecise standard, and because the significance of an item of evidence can seldom be predicted accurately until the entire record is complete, the prudent prosecutor [or court] will resolve doubtful questions in favor of disclosure.

Id. 427 U.S. at 108. Citing Agurs, the Supreme Court in Kyles v. Whitley, 514 U.S. 419 (1995) furnished prosecutors with a reminder that convictions will be reversed for failure to comply with the Brady dictates, under a broader standard of "materiality" than urged by the United States.

In 1984, the Ninth Circuit set forth the procedure the prosecution must follow when confronted with a request by a defendant for the personnel files of testifying officers. United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984). The Cadet Court stated that the government must "disclose information favorable to the defense that meets the appropriate standard of materiality . . . If the prosecution is uncertain about the materiality of information within its possession, it may submit the information to the trial court for an in camera inspection and evaluation . . ." Id. 727 F.2d at 1467-68.

In 1991, the Ninth Circuit had to resolve what to do when the government did not obey its Cadet obligations. In United States v. Henthorn, 931 F.2d 29 (9th

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122 FACSIMILE (907) 279-9123

Cir. 1991), the Court was confronted with a cocaine conspiracy case in which a defendant made a discovery request for impeachment material contained in the personnel files of testifying officers. The attorney for the United States refused to follow Cadet, and opposed the request. The United States argued that it had no duty to examine the personnel files until the defendant made a showing of specific wrongdoing by the officer, which would be contained in the personnel file, thus establishing that the personnel file contained information material to the defense. The trial court upheld the government's position and denied an in camera inspection of the personnel files. The Ninth Circuit reversed this determination and remanded for an in camera review by the District Court. The Court held that "[t]he government is incorrect in its assertion that it is the defendant's burden to make an initial showing of materiality. The obligation to examine the files arises by virtue of the making of a demand for their production." Id. at 31. Personnel files which contain complaints or allegations, whether or not sustained, involving (i) perjurious conduct, (ii) dishonesty, (iii) improper law enforcement practices or (iv) other conduct which could be used to impeach the officer, must be disclosed.[2]

---

[1] The Rule 17 subpoenas which we will serve embrace these standards for determining materiality.

[2] The Henthorn Court reserved the issue of what to do about non-Federal police agency files. In United States v. Dominguez-Villa, 954 F.2d 562 (9th Cir. 1992) the Court concluded that the District Court could not order the United States Attorney to review non-Federal personnel files and require the involvement of agency counsel and department heads in the review process. The dual rationale was that: (1) the district court does not have authority to order agency counsel and department heads to participate in the required review because a district court lacks "general supervisory power" over a "co-equal executive branch of government," id. at 565; and (2) that, with respect to personnel files of state law enforcement officer, "[t]he prosecution is under no obligation to turn over materials not under its control (citing United States v. Aichele, 941 F.2d 761, 764 (9th Cir. 1991)." Id. 954 F.2d at 566. With regard to the persoonnel files of state law enforcement offices, Ms. Chaison can request issuance of

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122 FACSIMILE (907) 279-9123

In United States v. Jennings, 960 F.2d 1488 (9th Cir. 1992), the defense relied on Henthorn and filed motions asking that the AUSA prosecuting the case review the personnel files of all law enforcement officers expected to testify at trial. The trial court ordered that the AUSA review the files of federal law enforcement agents' personnel files. Jennings upheld the defendant's rights to the materials sought by this motion. In discussing and reaffirming Cadet and Henthorn, the Ninth Circuit has left to the trial courts the difficult task of how to implement defendants' Due Process rights. It appears that the first step for the Court is to obtain the law enforcement personnel files. Then, with the files in its possession, the Court may decide what to do. There are various options.

The Court could assure the impartiality and thoroughness of the review procedure by use of a Magistrate Judge, thus assuring a judicial in camera review. This procedure, suggested as an appropriate one in the Ninth Circuit cases, is also one in which at least one other Circuit's judge considers the best. See United States v. Driscoll, 970 F.2d 1472 at 1489 (6th Cir. 1992) (Judge Jones, dissenting). That this makes sense. The issue to be determined is one that is best observed by a neutral arbiter, whether the personnel files contain "evidence that would undermine the officers' credibility." It is hard to place a finger on such materials if the viewpoint is that of an advocate whose job is not combing documents for

---

a Rule 17 subpoena. Use of a Rule 17 subpoena brings the files to Court. At that point, the trial judge can fashion an appropriate method for guaranteeing the defendant's rights.

[3] The opinion does not explain why the trial court, after an evidentiary hearing, modified its original order and deleted its original requirement that the AUSA review state and local law enforcement personnel files. Whatever the reason, perhaps reliance on Dominguez-Villa, the case is not apposite to ours on this issue because the use of Rule 17 subpoenas was not considered.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122 FACSIMILE (907) 279-9123

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122 FACSIMILE (907) 279-9123

impeachment material, but rather determining whether an officer has committed perjury. Similarly, there is an institutional bias. Impeachment material affecting credibility can and should include whether the officer has engaged in shading of the truth, "mischaracterizations" of fact short of perjury, or improper police practices, as this Court has indicated may have occurred in this case when an agent and local officer failed to accurately "characterize" the statements of an informant.

The Justice Department policy stated in footnote 3 of Jennings may be the worst alternative, from the point of view of assuring the fairness of a review. It smacks of the fox guarding the chicken coop. In any event, it may be factually unworkable when local law enforcement officers' personnel files must be reviewed. According to the opinion, "the Department of Justice has instituted a policy designed to implement the holdings of Henthorn. Under this policy, the files of law enforcement officers are to be examined by the appropriate agency's attorney or his staff. The agency legal staff will notify the federal prosecutor assigned to the case if any potential Brady material is found and the AUSA will then determine whether the information should be disclosed or whether an n camera review by the district court is appropriate." 960 F.2d at 1492 note 3. The defense urges most strenuously against this procedure for the obvious "fox guarding the chicken coop" reason that it is hard to believe that an agency's legal staff has any motive other than to hide material which the defense should properly receive by "characterizing" them as non-exculpatory. While it is true that under Kyles, the United States Attorney would be charged with the Brady violation if exculpatory material was disclosed later which was earlier withheld and reversal of a conviction could result, it is hard to conceive of how suppression of evidence by an agency's legal counsel would be uncovered.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122 FACSIMILE (907) 279-9123

**B. The Wide Scope of Cross-Examination Also Necessitates That the Scope of Disclosure Be Broad**

Disclosure of impeachment information is necessary to protect the right of a defendant to confront, cross-examine, and impeach; this right is a cherished one and remains "the principal means by which the believability of a witness and the truth of his [or her] testimony are tested." Davis v. Alaska, 415 U.S. 308, 316 (1974). The Fifth Circuit has noted that cross-examination "in matters relevant to credibility ought to be given wide scope." United States v. Williams, 592 F.2d 1277, 1281 (5th Cir. 1979); see also United States v. Lindstrom, ;698 F.2d 1154 (11th Cir. 1983).

While a trial judge has discretionary authority to restrict the scope of cross-examination, "this discretionary authority . . . comes into play only after there has been permitted as a matter of right sufficient cross-examination to satisfy the Sixth Amendment." Green v. Wainwright, 634 F.2d 272, 275 (5th Cir. 1981) [citations omitted]; see also United States v. Tracey, 675 F.2d 433, 437 (1st Cir. 1982) (any exercise of discretion limiting cross-examination must be informed by the utmost caution and solicitude for the defendant's Sixth Amendment rights); United States v. Houghton, 554 F.2d 1219, 1225 (1st Cir. 1977), cert. denied, 434 U.S. 851.

### C. The Requested Records and Information Must Be Disclosed Also Because Under the Federal Rules of Evidence, Admissible Impeachment Information Includes Opinion and Reputation Evidence, Evidence of Specific Acts, and Evidence of Potential Bias

Disclosure of the information requested herein is supported also by the provisions of the Federal Rules of Evidence, which allow impeachment through a variety of means, three of which are addressed specifically here.

1. Opinion and Reputation Evidence

Rule 608(a) of the Federal Rules of Evidence permits the credibility of a witness to be attacked in the form of opinion or reputation evidence. Judge Weinstein has clarified this rule, stating:

> The rule imposes no prerequisites conditioned upon long acquaintance or recent information about the witness; cross-examination can be expected to expose defects of lack of familiarity and to reveal reliance on isolated or irrelevant instances of misconduct or the existence of feelings of personal hostility towards the principal witness.

Weinstein's Evidence: United States Rules, 608[04], p. 608-25; see also United States v. Watson, 669 F.2d 1374, 1382 (11th Cir. 1981) (trial court committed reversible error by excluding opinion testimony; "foundation of long acquaintance is not required for opinion testimony" (citing Weinstein's treatise)).

Therefore, the requested information may well produce witnesses who will have an opinion on, or know the reputation of, the officer in question. Production of the requested information will provide counsel with the opportunity to

[4] By specifically addressing these three sample grounds for admission of impeachment evidence, Defendants do not exclude other potential grounds for use of the personnel records. Production of the records is called for if they might be used to develop impeachment materials under any theory of admissibility, including but not limited to any theory of impeachment.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122 FACSIMILE (907) 279-9123

investigate the allegation or complain made, as well as providing witnesses who may testify on matters covered by Rule 608(a).

2. Evidence of Specific Acts

Rule 608(b) permits inquiry on cross-examination into specific instances of misconduct of the testifying witness (here, the officers) which relate to his or her character trait for truthfulness or untruthfulness. The categories of records and information specified relate to the truthfulness or untruthfulness of agents and officers. As such, disclosure is required. This would also include, for example, disclosure of any allegations of failure to collect potentially exculpatory evidence (see Miller v. Vasquez, 868 F.2d 1116 (9th Cir. 1989) (bad faith failure to collect potentially exculpatory evidence violates due process clause)), and of any failure to preserve potentially exculpatory evidence. Hilliard v. Spalding, 719 F.2d 1443 (9th Cir. 1983) (failure to properly preserve possibly exculpatory evidence violates Brady; prejudice presumed from government's failure to preserve). The logic follows that if the officer has (or is alleged to have) committed acts reflecting negatively on has credibility, he may be conducting himself similarly in this case, and the defense is entitled to receive and investigate such allegations or acts.

3. Evidence of Potential Bias

Instances of prior misconduct by a witness often will be relevant to his or her bias or motive to testify as he or she does in the current proceeding. It is well recognized that "bias of a witness is not a collateral issue and extrinsic evidence is admissible to prove that a witness has a motive to testify falsely." United States v. James, 609 F.2d 720, 722 (2d Cir. 1976); see also United States v. Blackwood, 456 F.2d 526, 530 (2d Cir. 1972) ("A defendant's major weapon when faced with inculpatory testimony of an accusing witness often is to discredit such testimony by

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122 FACSIMILE (907) 279-9123

proof of bias or motive to falsify. Evidence of such matters is never collateral . . . for if believed it colors every bit of testimony given by the witness whose motives are biased."). The introduction of extrinsic evidence to show bias is allowed even when the evidence is also relevant to character, which cannot be proved by extrinsic facts. See Beaudin v. United States, 360 F.2d 417, 423-424 (5th Cir. 1966); Weinstein's Evidence: United States Rules 607[03], p. 607-24, fn. 4.

By way of example, in United States v. Garrett, 542 F.2d 23 (6th Cir. 1976), the Court examined the disclosure of an officer's personnel file and related records of the officer's disciplinary proceedings. In Garrett, cross-examination of the officer had been restricted and production of the personnel records was limited. The Garrett Court found both actions improper, noting:

> [T]he trial judge was too restrictive in his limitation of cross-examination in the present case.
>
> . . .
>
> Furthermore, there is no way to determine whether other facts might have been disclosed by an examination of [Officer] Lehman's disciplinary proceedings which would be the possible basis for reasonable inferences of bias or an interest in the outcome of the Garrett prosecution. [Officer] Lehman might well have looked upon a successful prosecution of Garrett as a means of having his suspension lifted and being returned to full duty as a police officer.

United States v. Garrett, 542 F.2d at 26. Garrett illustrates that the disciplining of a police witness constitutes evidence of bias creating a potential motive to lie and is therefore the proper subject of disclosure and cross-examination. Id. The underlying facts of such discipline must be disclosed, especially where they relate to issues and personalities in the case at hand. Id. 542 F.2d at 26-27 (citing Davis v. Alaska, supra.) Garrett further supports the disclosure of the impeachment information sought here.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122 FACSIMILE (907) 279-9123

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122 FACSIMILE (907) 279-9123

**D. All Information in the Personnel Files Which Is or Which May Be Material Must Be Disclosed.**

Under Henthorn, defendants must be furnished with all impeachment materials contained in officers' personnel files which is or which may be material to the case. Id. 931 F.2d at 31. This is required even without a showing of materiality by the defense. Id. See also United States v. Austin, 492 F.Supp. 502 (N.D. Ill. 1980) (where it is reasonable to assume that information contained in postal employees' personnel folders might prove useful to defendants for impeachment purposes, such information is discoverable (citing Brady, Giglio, and United States v. Deutsch, 475 F.2d 55 (5th Cir. 1973)).)

Furthermore, exculpatory evidence must be produced to defense counsel even if it is embodied in internal governmental memoranda. See United States v. DeMarco, 407 F.Supp. 107, 111 n.2 (C.D. Cal. 1975) (court dismissed indictment for failure to turn over exculpatory internal memorandum, stating that "the fact that government memoranda are not discoverable under rule 16(b) . . . cannot qualify the government's responsibilities under Brady").

**CONCLUSION**

For the reasons set forth above, Ms. Chaison requests that enter of an Order requiring the Government to produce to the Court for *in camera* review of the personnel files of the law enforcement agents and officers associated with this investigation and Indictment. For Federal agents, this motion serves as the request for production. Upon determination that any file contains material relevant to impeachment, the materials should be disclosed to defense counsel subject to a protective order that the information should be used only for purposes of this case. The Court is respectfully requested to so Order.

Respectfully submitted this 10th day of February 2006.

Vasquez & Weber, P.C.
Attorneys for Tanya E. Chaison

S.S.: David R. Weber,
Ak. Bar Assn. No. 8409083

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122 FACSIMILE (907) 279-9123