IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>BYRON WILLIAMS, RODERICK WILLIAMS, MARIE INEZ HASAN-LOMAX, **TANYA E. CHAISON**, and PAULA MARIE ROBARDS<br><br>                  Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Case No.: A05-76 (4) Cr. (RRB) |

## ORDER REQUIRING PRODUCTION AND INSPECTION OF LAW ENFORCEMENT OFFICER RECORDS

FOR GOOD CAUSE SHOWN, and upon consideration of defendant Tanya E. Chaison's Motion For Production And Inspection Of Law Enforcement Officer Records, any Opposition thereto, and of any Reply, it is hereby ORDERED that the Motion is GRANTED.

FURTHER ORDERED that the government shall, within thirty (30) days of the date this Order is issued, produce to this Court for *in camera* inspection of all records and information which pertain to any instance of conduct which might arguably reflect on the credibility of, or which might arguably be used to develop impeachment information regarding, the agents or officers ho have aided in the investigation of this case. This includes, but is not limited to, all instances involving allegations, complaints or acts of:

    (1)    false arrest,

    (2)    fabrication of charges,

    (3)    fabrication of evidence,

    (4)    unreasonable or illegal searches and seizures under the Fourth Amendment to the United States Constitution,

    (5)    dishonesty,

    (6)    improper tactics,

    (7)    neglect of duty,

    (8)    prior drug usage, or

    (9)    any other instance of conduct reflecting on the officers' credibility, veracity or potential bias.

The information sought by the Defendants concerning such allegations, complaints or acts includes, but is not limited to, the following:

    a.    The names, addresses and telephone numbers of person(s) who submitted any of the allegations or complaints described above;

    b.    The names, addresses, and telephone numbers of all persons, whether police officers or private witnesses, mentioned as witnesses to the events described in the allegations, complaints or acts described above;

    c.    A copy of all statements made by the complainants and all witnesses who were interviewed in the investigation of the allegations, complaints or acts described above;

    d.    A copy of all statements made by the police offices interviewed in the investigation of the allegations, complaints or acts described above;

    e.    Verbatim copies of all other records, reports, notes and recordings made, and copies of photographs taken, in the

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123

course of the investigation of the allegations, complaints or acts described above;

f. All department records and statements of opinion about the officers' reputation relevant to the allegations, complaints or acts described above, including, but not limited to, findings, letters, formal reports, comments, evaluations, assessments, disciplines imposed, and/or records of conversations involving superior officers or fellow officers of the Police Department personnel listed above pertaining to any of the actions noted in the allegations, complaints or acts described above;

g. All documents, reports, files, folders and other documentary material regarding any ongoing investigations being conducted by any entity within the relevant police department or the relevant Office of Citizen Complaints related to the allegations, complaints or acts referenced above.

1. The inspection and copying of the proceedings of the Grand Jury that returned the present Indictment or grand juries that considered the subject matter of this Indictment, including but not limited to:

   a. the transcript of testimony of all persons who testified before the Grand Jury that returned the Indictment in this action;

   b. all notes, documents, papers and reports that were used by any witness in testifying before the Grand Jury; and

   c. any and all books, records or other documents obtained from the defendant or any third persons which the Grand Jury relied on

1 returning the charges in the Indictment or which the government
2 intends to rely on to establish the charges set forth in the Indictment.
3     2. All notes, records, documents relating to the Grand Jury that returned
4 this Indictment and those of other grand juries that considered the subject in this
5 Indictment, that relate to who was present during the proceedings of the Grand
6 Jury, those persons to whom matters and proceedings of the Grand Jury were
7 disclosed, including the certification by the attorney of the government that such
8 persons had been advised of their obligation to secrecy pursuant to F.R.Cr.P.
9 6(e)(3)(b).
10     3. All the records, documents, or orders (if any) of the Grand Jury that
11 returned this Indictment and other grand juries that considered the subject matter of
12 this Indictment, relative to the disclosure of matters occurring before a Grand Jury
13 to successive and other grand juries.
14     SO ORDERED this _____ day of _____ 2006.

    _____
    By: Honorable John D. Roberts
    United States District Court Magistrate Judge

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123