IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>BYRON WILLIAMS, RODERICK WILLIAMS, MARIE INEZ HASAN-LOMAX, **TANYA E. CHAISON**, and PAULA MARIE ROBARDS<br><br>              Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No.: A05-76 (4) Cr. (RRB) |

## **MOTION FOR BILL OF PARTICULARS AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW Tanya Chaison, by and through counsel, David R. Weber, of the firm of Vasquez & Weber, P.C., and, pursuant to Rule 7(f), Federal Rules of Criminal Procedure, hereby enters this, his Motion For Bill Of Particulars seeking a Court Order directing the Government to file a Bill of Particulars. Counsel has conferred with the Government concerning the material requested herein and has failed to reach a satisfactory agreement.

This Indictment has two Counts: Conspiracy, 21 USC § 846 & 841 and Maintaining A Drug Involved Premises, 21 USC § 856(a)(1) and (b). Mr. Chaison is only named in regard to the latter Count. However, the "overt acts" section of the first Count lists Ms. Chaison and the same "premises" address: 6611 East 9th Avenue #2, Anchorage, Alaska 99501.

Other than renting that address on a six (6) month lease, Ms. Chaison's alleged "maintaining" activities are not revealed by either the Indictment or the Discovery. Indeed, the Indictment fails to note any particularized unlawful activity

at the address. The Discovery materials reveal that in August of 2005, cocaine and crack cocaine were found at the address.[1]

There are several ways in which 21 U.S.C. § 856(a) may be violated. The Government must prove Ms. Chaison knowingly, 1) opened; or 2) leased; or 3) rented; or 5) used; or 6) maintained 611 East 9th Apartment #2 for the purpose of: 1) manufacturing; or 2) distributing; or 3) using, cocaine or crack cocaine. All that may be gleaned from Discovery is that a year and eight months after Ms. Chaison rented the address (and a year and two months after her lease expired and long after she moved) drugs were found there.

"When" this was to have occurred is given in a year and a half "on or about." "What" is simply a recitation of the statutory language, although the Government did specify the drugs in question. While "where" is obvious, "how" is utterly missing.

By his signature below, counsel certifies that the discovery produced to date sheds no additional light on the subject. Ms. Chaison is not linked to any unlawful act occurring at the address if the slightly less than three hundred paged of discovery provided to date.

The purpose of an indictment is to sufficiently inform the accused of the nature of the charges against them, to enable the defendant to prepare for trial, to prevent surprise and to interpose a plea of double jeopardy. Wong Tai v. United States, 273 U.S. 77, 82 (1927), United States v. Glaze, 313 F.2d 757 (2d Cir.,

---

[1] Ms. Chaison no longer lived at the address in August of 2005. If that is the activity giving rise to the Indictment, Ms. Chaison has a clear alibi. If it is some other conduct on some other date, Ms. Chaison needs to be made aware of it in order to determine whether an alibi exists for that place and time.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123

1963). Rule 7(f) of the Federal Rules of Criminal Procedure provides for the filing of a bill of particulars. The purpose of a bill of particulars is to give the defendant more particular information. United States v. Haas, 583 F.2d 216 (5th Cir. 1978).

> The purposes of a Bill of Particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at time of trial and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes.

United States v. Haskins, 345 F.2d 11, 114 (6th Cir. 1965); United States v. Francisco, 575 F.2d 815, 818 (10th Cir. 1978). The bill of particulars provides the defendant with information about the details of the charges against him that are necessary to the preparation of his defense and to avoid prejudicial surprise at trial. United States v. Diecidue, 603 F.2d 535 (5th Cir. 1979), cert denied 445 U.S. 946 (1979); United States v. Bascaro, 742 F.2d 1335, 1365 (11th Cir. 1984).

A defendant is presumed innocent upon their plea of not guilty and it cannot be assumed by the Court that the defendant knew the particulars sought in a Motion for Bill of Particulars. The defendant can only be considered ignorant of the facts on which the Government founds its charges. United States v. Tucker, 262 F. Supp. 305, 307 (S.D.N.Y. 1960). United States v. Burgio, 279 F. Supp. 843, 846 (S.D.N.Y. 1968).

With regard to Ms. Chaison, this Indictment fails to serve those purposes. She cannot prepare. She is bound to be surprised. In the event of an acquittal it appears the government could reprosecute, by simply asserting that the transaction was "different."

To serve the purposes stated above, Ms. Chaison requests that this Court order the Government to disclose the following Particulars regarding Count 1, Paragraph 3 of the Indictment. The government should state each discrete incident on or between January 11, 2004 and August 13, 2005 that it claims establishes that Ms. Chaison knowingly, 1) opened; or 2) leased; or 3) rented; or 5) used; or 6) maintained 611 East 9th Apartment #2 for the purpose of: 1) manufacturing; or 2) distributing; or 3) using, cocaine or crack cocaine. For each discreet incident described, the government should identify the drug and amount alleged.

In these requests for Particulars, Defendant is not asking the government to reveal its list of witnesses nor all of the evidence (in this motion) upon which its case is based. Rather, the Defendant is merely attempting to adequately prepare for the defense of her case. It is virtually impossible to prepare an adequate defense (much less research the facts) where the allegations essentially amount to "Between January 11, 2004 and August 13, 29005, Ms. Chaison allowed bad things with drugs at 6611 East 9th #2."

The Court is respectfully requested to exercise its sound discretion and order the United States to provide the particulars requested herein so as to assure that Ms. Chaison may adequately prepare for trial and avoid prejudicial surprise.

Respectfully submitted this 10th day of February 2006.

Vasquez & Weber, P.C.
Attorneys for Tanya E. Chaison

S.S.: David R. Weber,
Ak. Bar Assn. No. 8409083