IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA, )
                          )
        Plaintiff,        )
                          )
    vs.                   )
                          )
BYRON WILLIAMS, RODERICK  )
WILLIAMS, MARIE INEZ HASAN-)
LOMAX, **TANYA E. CHAISON**, and )
PAULA MARIE ROBARDS       )
                          )
        Defendants        )  Case No.: A05-76 (4) Cr. (RRB)

## MOTION TO PRESERVE EVIDENCE - AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Tanya Chaison, by and through counsel, David R. Weber, of the firm of Vasquez & Weber, P.C., and, enters this, her Motion To Preserve Evidence - And Memorandum In Support Thereof. Counsel has conferred with the Government concerning the material requested herein and has failed to reach a satisfactory agreement.

## ACTION REQUESTED

Ms. Chaison moves this Court for an Order requiring the government to directing the Government to preserve and retain intact and not to destroy, alter or "misplace" any evidence, tangible papers, reports, objects or other information relating in any way to this indictment. Included in this Motion, by way of illustration only, would be the following:

1.   Evidence, reports, notes or other information arguably subject to disclosure, discovery, inspection or subpoena pursuant to Rules 6(e), 16(a) and 17 of the Federal Rules of Criminal Procedure;

2. Evidence, reports, notes or other information arguably subject to production or disclosure at trial pursuant to 18 U.S.C. §3500 or Rules 612 or 613(a) of the Federal Rules of Evidence;

3. Evidence, reports, notes or other information arguably favorable or useful to the Defendant regarding guilt or innocence or concerning impeachment of prosecution witnesses; and/or

4. Evidence, surveillance reports and witness interview notes and notes relative to witnesses the prosecution does not intend to call at this time, but who the prosecution may wish to call as a witness at a pretrial hearing or a witness which the prosecution classifies as a "potential" or "prospective" witness at the trial itself.

5. All draft reports concerning this matter residing in any Governmental Agency "I Drive."

6. All alleged waivers signed by Ms. Chaison.

**MEMORANDUM OF LAW**

This Motion does not demand, at this time, disclosure, discovery, inspection or production. It merely seeks to preserve evidence, directly admissible or otherwise, and other information which may, at some future stage of the proceedings, be necessary or helpful to a proper resolution of this case consistent with the Defendant's theory of defense. Any of the above in the direct or indirect or constructive possession, care, custody or control of the prosecution may be required for scrutiny by the Court or defense counsel during the pretrial and trial stages of this case.

Therefore, pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Ms. Chaison seeks an order requiring the government and its respective agencies to preserve all notes, communications, memoranda, writings, facsimiles, drafts, recordings and

1 any other information transmitted through any known medium, either oral
2 electronic or written.

3       The purpose of this Motion is to preserve evidence. It is occasioned and
4 necessitated by the administrative practice of alleged good-faith destruction of
5 records by the Government, see e.g., United States v. Harris, 543 F.2d 1247 (9th
6 Cir. 1976), and by the caution which experience teaches. See also, United States v.
7 Bufalino, 576 F.2d 446 (2nd Cir.), cert. denied, 429 U.S. 928 (1978) (retention of
8 "rough" drafts and notes of written reports made during the course of
9 investigation). Preserving evidence in this matter will circumvent delays in the
10 trial process. Also, counsel seeks to avert the problems in California v. Trombetta,
11 467 U.S. 479 (1984); see also Arizona v.Youngblood, 488 U.S. 51 (1988).

12       In Trombetta, the defendants were stopped for suspicion of driving while
13 intoxicated. After submitting to an "Intoxilyzer", the defendants were formally
14 charged with driving while intoxicated. The police failed to preserve the samples
15 pursuant to a policy of the state police. The Court found no constitutional violation
16 for failure to preserve the samples, finding that the destruction was "in good faith
17 and in accord with their normal practice", Trombetta at 488, quoting Killian v.
18 United States, 368 U.S. 231, 242 (1961). Like the defendants in Trombetta, Gray
19 cannot say unequivocally that there is exculpatory evidence in possession of the
20 government or its agencies, but preserving the aforementioned documents will help
21 to avoid the always "treacherous task of diving the import of materials whose
22 contents are unknown and very often, disputed." Trombetta, at 486.

23       The appropriate standard by which to gauge Defendant's Motion is a simple
24 balancing test. Defendant submits that the prosecution has no legitimate interest in
25 the alteration or suppression of documents and little or no interest in their

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123

destruction. The incidental and slight burden which might be imposed upon the Government agencies involved by requiring them to retain their records intact as they pertain to this case until such time as the Defendant has an opportunity to inspect them is manifestly outweighed by the Defendant's substantial interest in a fair trial and his right to due process of law. The nature and complexity of this case "tip" the scale even further in favor of granting the instant Motion.

Ms. Chaison submits that the Government has an obligation to preserve all potentially discoverable evidence gathered in the course of a criminal investigation. See United States v. Bryant, 439 F.2d 642 (D.C. Cir. 1971). Government notes of interviews with persons who are or may be witnesses, or with other persons who may have provided exculpatory evidence or information, are a type of material evidence which the Government must maintain. United States v. Harrison, 524 F.2d 421 (D.C. Cir. 1975); United States v. Johnson, 521 F.2d 1318 (9th Cir. 1975). These matters are, in either case, properly discoverable by the Defendant.

## CONCLUSION

For the reasons set forth above, Ms. Chaison requests that enter of an Order requiring the government to preserve evidence. The Court is respectfully requested to so Order.

Respectfully submitted this 10th day of February 2006.

Vasquez & Weber, P.C.
Attorneys for Tanya E. Chaison

_____
S.S.: David R. Weber,
Ak. Bar Assn. No. 8409083