IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| BYRON WILLIAMS, RODERICK WILLIAMS, MARIE INEZ HASAN-LOMAX, **TANYA E. CHAISON**, and PAULA MARIE ROBARDS | ) ) ) ) ) |
| Defendants | ) Case No.: A05-76 (4) Cr. (RRB) |

## MOTION TO REVEAL THE DEAL - AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Tanya Chaison, by and through counsel, David R. Weber, of the firm of Vasquez & Weber, P.C., and, pursuant to F.R.Cr.P. 6(e), enters this, her Motion To Reveal The Deal - And Memorandum In Support Thereof. Counsel has conferred with the Government concerning the material requested herein and has failed to reach a satisfactory agreement.

## MATERIALS REQUESTED

Ms. Chaison moves this Court for an Order compelling the Government to disclose the existence and substance of any agreements between any co-defendant, alleged co-conspirator or any other person in this case and any officer or agent of the Federal or State Government. Mr Chaison's request includes, but is not limited to, the following:

1.  All writings, recordings and photographs which relate in any way to offers, inducements or consideration made to any persons in an effort, whether successful or not, to obtain testimony in this case.

2. All writings recordings and photographs relating to offered "bargains," whether consummated or not, with person connected directly or indirectly with this case.

3. All writings, recordings and photographs relating to an offer of immunity or other special consideration made to persons directly or indirectly connected with this case.

4. Without limiting the generality of the foregoing, defendant specifically requests that the Government disclose any bargains reached with any witness or prospective witness in this case, including but not limited to:

    a. The substance of any "deal" or understanding reached between agents or officers of the Federal or State Government and potential witnesses in this case;

    b. The date that the bargains were reached;

    c. The date on which the negotiation of such "deals were undertaken;

    d. The proffer, if any, made by the witness as to information he could provide the Government, including the date that the proffer was made;

    e. Any debriefing notes and summaries obtained by the Government as a result of such negotiations; and

    f. The results of any polygraph examination given to witnesses, pursuant to such agreements.

5. Defendant further requests all of the same information as requested in the above paragraph regarding any deal which was discussed with, or offered, to any individual by the Government, but for whatever reason not consummated.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123

1    6.    Defendant further requests the same information as requested in paragraph 4 above with regard to any bargain reached between the Government any person connected with this case but for some reason ultimately voided prior to this date.

## MEMORANDUM OF LAW

In <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Supreme Court of the United States interpreted the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States as establishing that the defendant in a criminal case has a right to obtain evidence favorable to the accused.  The United States Supreme Court has further held that the Government may not suppress favorable evidence that is material to the credibility of one of its witnesses.  <u>Giglio v. United States</u>, 405 U.S. 150 (1972).  This circuit has held that "the prosecutorial suppression of an agreement with or promise to a material witness in exchange for that witness' testimony violates a criminal defendant's due process rights."  <u>Smith v. Kemp</u>, 715 F.2d 1459, 1463 (11th Cir. 1983), <u>see also</u>, <u>Drake v. Francis</u>, 727 F.2d 990, 995 (11th Cir. 1984); <u>Moore v. Zant</u>, 722 F.2d 640, 649 (11th Cir. 1983); <u>Ross v. Hopper</u>, 716 F.2d 1528, 1535 (11th Cir. 1983).

The law is well settled in the <u>Giglio</u> context:  "[C]ross-examination of a witness in matters pertinent to his credibility ought to be given the largest possible scope."  <u>United States v. Partin</u>, 493 F.2d 750, 763 (5th Cir. 1974), quoting <u>McConnell v. United States</u>, 393 F.2d 404, 406 (5th Cir. 1968).  This is especially true where a prosecution witness has had prior dealings with the prosecution or with other law enforcement officials, so that the possibility exists that his testimony was motivated by a desire to please the prosecution in exchange for the prosecutor's actions in having some or all of the charges against this witness

1  dropped. United States v. Myer, 556 F.2d 245, 248-249 (5th Cir. 1977). Thus, in
2  addition to the basic questions regarding the bargain, the defendant seeks to have
3  the Government disclosure discussions with the Government witnesses concerning
4  deals, where or not all of the potential benefits to those witnesses were ultimately
5  agreed upon and reduced in a bargain. it is also requested that the Government
6  reveal any prior deal that a witness has had with a Government agency, whether
7  local, state or federal, in any other case. These matters are particularly relevant to
8  the witness' bias as it reflects his willingness, desire and experience in cooperating
9  with the Government.
10    The right of the defendant to cross-examine with regard to the witness'
11 credibility was broadly enforced in United States v. Onori, 535 F.2d 938 (5th Cir.
12 1976). Correspondingly, the obligation of the Government to disclose any
13 previous deal, any present deal or any prospective deal, whether reduced to the
14 traditional plea agreement or not, should also be broadly viewed:

> Indeed, it is so important that the defendant is allowed to "search" for
> a deal between the Government and the witness, even if there is no
> hard evidence that such a deal exists ... what tells, of course, is not
> the actual existence of a deal but the witness' belief or disbelief that
> deal exists.

19 United States v. Onori, 535 F.2d at 945.
20    Upon information and belief, defendant states that plea arrangements and
21 "bargains" have been already reached between various co-defendants in this case
22 and agents and officers of the Government. Due to the expansive nature of the
23 factual allegations contained in the Indictment and the number of persons involved
24 in this case, it is vitally important that this defendant's due process rights be
25

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123

protected through the complete disclosure of all deals, understandings and arrangements between the Government and persons connected with this case.

### **CONCLUSION**

For the reasons set forth above, Ms. Chaison requests that enter of an Order requiring the Government to produce the requested materials. The materials should be produced sufficiently in advance of trial to allow for preparation and investigation. The Court is respectfully requested to so Order.

Respectfully submitted this 10th day of February 2006.

Vasquez & Weber, P.C.
Attorneys for Tanya E. Chaison

_____
S.S.: David R. Weber,
Ak. Bar Assn. No. 8409083