IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. )
)
BYRON WILLIAMS, RODERICK )
WILLIAMS, MARIE INEZ HASAN- )
LOMAX, **TANYA E. CHAISON**, and )
PAULA MARIE ROBARDS )
)
Defendants )    Case No.: A05-76 (4) Cr. (RRB)
_____ )

## MOTION FOR PRODUCTION AND DISCLOSURE OF STATEMENTS BY CO-DEFENDANTS - AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Tanya Chaison, by and through counsel, David R. Weber, of the firm of Vasquez & Weber, P.C., and, enters this, her Motion For Production And Disclosure Of Statements By Co-Defendants - And Memorandum In Support Thereof.  Ms. Chaison moves this Court for its Order requiring the government to produce any and all incriminating statements made by co-defendants in this cause.  Counsel has conferred with the Government concerning the material requested herein and has failed to reach a satisfactory agreement.

In <u>Bruton v. U.S.</u>, 391 U.S. 123 (1968), the Supreme Court held that the defendant is deprived of his rights under the Confrontation Clause of the Sixth Amendment when his co-defendant's incriminating statement is introduced at their joint trial.  This occurs even if the jury is instructed to consider those statements only against the co-defendant.  The Supreme Court reaffirmed <u>Bruton</u>, holding in <u>Lee v. Illinois</u>, 476 U.S. 530 (1986), that a post arrest statement made by a nontestifying codefendant is not admissible against a defendant on the theory that it constitutes a statement against interest.  Finally, in <u>Cruz v. New York</u>, 481 U.S.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123

1   186 (1987), the Court held that "where a nontestifying codefendant's confession

2   incriminating the defendant is not directly admissible against the defendant... the

3   Confrontation Clause bars its admission at their joint trial, even if the jury is

4   instructed not to consider it against the defendant...." Id. 481 U.S. at 193.

5        In this case, the government has not provided the Defendant any statements

6   made by co-defendants in this cause that would tend to incriminate him.   In

7   addition, the Defendant has received no assurance from the government that such

8   statements are not part of the government's case and the government does not

9   intend to introduce such statements into evidence.  If such statements exist and the

10  government intends to use them at trial, the Defendant has cause and the authority

11  of the Supreme Court to require that such statements be edited or redacted in such a

12  manner so as to avoid incriminating him.

13       Such editing and redacting are required by Richardson v. Marsh, 481 U.S.

14  200 (1987).  There the Supreme Court confronted the question of whether or not, at

15  a joint trial, the government could introduce a confession by a non-testifying

16  defendant, where the confession did not mention the defendant by name and had

17  been redacted "to omit all indication that anyone other than the [co-defendant] and

18  [the co-defendant who confessed] participated in the crime.  Id. 481 U.S. at 203.

19  The Court held:

20       We hold that the Confrontation Clause is not violated by the
     admission of a nontestifying codefendant's confession with a
21   proper limiting and instruction when, as here, the confession is
     redacted to eliminate not only the defendant's name, but any
22   reference to her existence.

23  Id. 481 U.S. at 211.

24

25

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123

In accordance with this authority, it is clear that the Defendant can and will be tried jointly with the other named co-defendants in this case. In order to avoid the necessity of seeking a severance at trial and/or motion for mistrial, the Defendant moves this Court for its order requiring the government to produce any and all statements made by co-defendants in this case that can in any way incriminate the Defendant as to the offenses charged.

The best practice for determining the admissibility of proffered statements consists of a pre-trial hearing at which time the court can make determinations as to whether or not the prerequisites to admissibility are likely to be met by the government at trial. <u>U.S. v. Kopituk</u>, 690 F.2d 1 289, 1 324 (11th Cir. (Fla.) 1982) <u>cert</u>. <u>denied</u> 463 U.S. 1209 (1983); <u>U.S. v. James</u>, 590 F.2d 575, 581-82 (5th Cir. (Ga.) 1978) <u>cert</u>. <u>denied</u> 442 U.S. 917 (1979). In order for this desirable practice to be effective, disclosure of co-defendant statements which the government seeks to introduce at trial must be made sufficiently ahead of the hearing so that the defense is in a position to perform its function in the adversary process of evaluating the sufficiency of the government's offers on the admissibility predicates.

## <u>CONCLUSION</u>

For the reasons set forth above, Ms. Chaison requests that enter of an Order requiring the Government to produce produce any and all statements of co-defendants in this case that may tend to incriminate him as to the offenses charged at a time sufficiently prior to trial to allow Ms. Chaison to prepare for trial and pretrial motion work. The Court is respectfully requested to so Order.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123

Respectfully submitted this 10th day of February 2006.

Vasquez & Weber, P.C.
Attorneys for Tanya E. Chaison

S.S.: David R. Weber,
Ak. Bar Assn. No. 8409083

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123