IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BYRON WILLIAMS, RODERICK WILLIAMS, MARIE INEZ HASAN-LOMAX, **TANYA E. CHAISON**, and PAULA MARIE ROBARDS<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: A05-76 (4) Cr. (RRB) |

**MOTION TO SUPPRESS STATEMENT - AND MEMORANDUM IN SUPPORT THEREOF**

COMES NOW Tanya Chaison, by and through counsel, David R. Weber, of the firm of Vasquez & Weber, P.C., and, pursuant to Fed.R.Crim.p. 12(b), D.Ak.L.Crim.R. 5 enters this, her Motion To Suppress Statement - And Memorandum In Support Thereof. Ms. Chaison moves this court for an order suppressing all statements taken from her in violation of the Fifth and Sixth Amendments. Ms. Chaison's statements must be suppressed because they were involuntary and because they were obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966).

**I.   FACTS**

On January 27, 2006, Ms. Chaison was arrested in Anchorage, Alaska. Drug Enforcement Agency ("DEA") Agent Mark Schmidt and Anchorage Police Department ("APD") Officer Gordon Dorr made the arrest pursuant to a Federal warrant. Both men were armed.

Rather than take Ms. Chaison before a judicial officer, Agent Schmidt and Officer Dorr took Ms. Schmidt "for processing." "Processing" took place at the DEA facility in Anchorage. "Processing" involved questioning Ms. Chaison.

The DEA facility in Anchorage is located in an unmarked building. The building is behind a tall steel fence. The building sits well back from Tudor Road.

Once inside the facility Ms. Chaison was questioned by Agent Schmidt and Officer Dorr. Prior to the questioning Agent Dorr claims to have advised Ms. Chaison of her <u>Miranda</u> rights. Ms. Chaison disputes ever having been properly advised of her rights.[1] There is not written waiver of rights signed by Ms. Chaison.

To obtain Ms. Chaison's cooperation the officers, both directly and implicitly, made offers of leniency. They also made it clear that a failure to cooperate would result in Ms. Chaison, the mother of three minor children, being treated more harshly.

Ms. Chaison gave a statement to the two armed men in the unmarked place of detention. She did so against her will.

## II.   ARGUMENT

### A.   Voluntariness

Whenever the government seeks to introduce an admission by the accused, it has the burden of proving by a preponderance of the evidence that the statement was voluntarily given. <u>Lego v. Twomey</u>, 404 U.S. 477, 489 (1972); <u>Jackson v. Deno</u>, 378 U.S. 368 (1964).

A challenge to the voluntariness of an admission requires this court "to determine whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the

---

[1] Officer Dorr, sworn to uphold the laws and Constitution of the State of Alaska, will be able to help resolve this factual dispute when he provides the parties and the Court a copy of the recording of Ms. Chaison's interrogation. Officer Dorr is required to make such a recording whenever he questions a suspect in a place of detention. <u>Stephan v. State</u>, 711 P.2d 1156 (Alaska 1985).

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123

Constitution[.]" Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir. 1991)(en banc), (quoting Miller v. Fenton, 474 U.S. 104, 112, (1985)).

An admission is involuntary if it is extracted by any sort of threats or violence or by the exertion of any other improper influence. U.S. v. Bautista-Avila, 6 F.3d 1360, 1364 (9th Cir. 1993). The test is whether, considering the totality of the circumstances, the government obtained the admission by physical or psychological coercion such that the suspect's will is overborne. Derrick v. Peterson, 924 F.2d 813, 817 (9th Cir. 1991). Actual violence perpetrated on the accused is unnecessary.

> Our cases have made clear that a finding of coercion need not depend upon actual violence by a government agent; a credible threat is sufficient. As we have said, coercion can be mental as well as physical, and . . . the bold of the accused is not the only hallmark of an unconstitutional inquisition.

Arizona v. Fulminante, 499 U.S. 279, 287 (1991), quoting Blackburn v. Alabama, 361 U.S. 199, 206 (1960). But physical violence and the threat of further physical violence is certainly sufficient to overbear an individual's will to resist. U.S. v. Jenkins, 938 F.2d 934, 938 (9th Cir. 1991).

An evidentiary hearing in this case will demonstrate that the statements at issue resulted from unconstitutional police coercion. Because police agents overbore Ms. Chaison's will to resist, the statement at issue was involuntary and must be suppressed.

**B.    Silence, Counsel and Miranda**

Since 1966, law enforcement officers engaged in custodial interrogation of a suspect have been required to recite a prophylactic warning designed to alert the suspect to his or her Sixth Amendment rights.

> Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has the right to the presence of an attorney, either retained or appointed.

Miranda v. Arizona, 384 U.S. 436, 344-45 (1966).

Whenever custodial interrogation proceeds, a prerequisite to the later admissibility of any statements obtained thereafter is conditioned on the Government's ability to demonstrate that the accused "knowingly and voluntarily waived his or her privilege against self-incrimination and his or her right to retained or appointed counsel." Id. at 475.

Any inquiry into the voluntariness of an alleged Miranda waiver has two dimensions. Collazo v. Estelle, 940 F.2d at 415.

> First the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. Only if the `totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived.

Moran v. Burbine, 475 U.S. 412, 421 (1986).

In the instant case, Ms. Chaison was clearly in custody when questioned by the law enforcement officers in this case. Ms. Chaison found herself in a "police dominated" environment, far from public view that clearly implicated the coercion associated with custodial interrogation. See, Berkemer v. MacCarty, 468 U.S. 420 (1984).

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123

### III.  CONCLUSION

For the reasons set forth above Ms. Chaison's statements to Agent Schmidt and Officer Dorr must be suppressed.

Respectfully submitted this 10th day of February 2006.

> Vasquez & Weber, P.C.
> Attorneys for Tanya E. Chaison
>
> *[signature]*
>
> S.S.: David R. Weber,
> Ak. Bar Assn. No. 8409083

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123