DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:05-0076-06-RRB-JDR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | GOVERNMENT'S RESPONSE |
| | ) | TO DEFENDANT'S MOTION |
| TANYA E.  CHAISON, | ) | FOR BILL OF PARTICULARS |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW, the United States of America, by and through undersigned

counsel, and hereby opposes the defendant's "Motion for Bill of Particulars", filed

at Docket 152.  Therein, the defendant requests the Court order the United States to

disclose to the defendant precisely how the defendant violated the offense.  The

United States has properly tracked the language of the statute and provided over 300 pages of discovery to the defendant that outlines the conspiracy (of which the defendant is currently an unindicted co-conspirator) and the cocaine activities occurring within 6611 E. 9th Ave., #2.  That is all that is legally required. Moreover, undersigned counsel, who has been assigned to this case after the last superseding indictment, has reviewed the charge and evidence applicable to defendant Chaison.  Based on this review, counsel expects that there will be future changes to the indictment that will moot the defendant's request.

<u>Law Applicable to Requests for Bills of Particulars</u>

The legitimate purposes of a bill of particulars are extremely limited.  Under Rule 7(f) of the Federal Rules of Criminal Procedures, the only purposes of a bill of particulars are to give a defendant su information about the charges against him in order to:  (1) fairly apprise him of the nature of the charge so that he may prepare his defense and avoid prejudicial surprise at trial, and (2) enable him to plead his conviction or acquittal as a bar to a second prosecution for the same offense.[1]  <u>See</u> <u>e.g.</u>, <u>United States v. Ayers</u>, 924 F.2d 1468 (9th  Cir. 1991); <u>United</u>

---

[1]The threat of double jeopardy has been substantially reduced by statute, <u>e.g.</u>, 28 U.S.C. § 1731, and case law, <u>e.g.</u>, <u>Russell v. United States</u> 369 U.S. 749, 764 (1962); <u>United States v. Haldeman</u>, 559 F.2d 31, 126 (D.C. Cir. 1976), by giving all defendants recourse to the entire trial record should they ever have to plead former jeopardy.  <u>See</u> <u>also</u> Note, <u>Indictment Sufficiency</u>, 70 Colum.L.Rev. 876, 885 (1970).

States v. Drebin, 557 F.2d 1316, 1325 (9th Cir. 1977); Cook v. United States, 354

F.2d 529, 531 (9th Cir. 1965); Yeargain v. United States, 314 F.2d 881, 882 (9th

Cir. 1963).

As far as the government is aware, the defendant has never previously been

convicted of any offense related to the charges contained in the indictment.  The

only pertinent question, therefore, is "whether adequate notice of the charge has

been given to the defendant."  Wright, Federal Practice and Procedure, Criminal   §

129, p. 289 (West 1969).  To fulfill these purposes, the indictment need only allege

the essential elements of the offenses within the language of the statute.  United

States v. Tavelman, 650 F.2d 1133, 1137 (9th Cir. 1981); United States v. Matlock,

675 F.2d 981, 986 (8th Cir. 1982); United States v. Lurz, 666 F.2d 69, 78 (4th Cir.

1981).  Thus, "an indictment needs do little more than to track the language of the

statute charged and state the time and place (in approximate terms) of the alleged

crimes."  United States v. Tramunti, 513 F.2d 1087, 1113 (2d Cir. 1975).

The Ninth Circuit has stated that if a defendant has failed to allege a defect

in discovery or some surprise, a bill of particulars is properly denied.  United

States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984) (no abuse of discretion in

denying a motion for a bill of particulars when defendant failed to allege full

discovery not afforded or unfair surprise); United States v. Burt, 765 F.2d 1364,

1366 (9th Cir. 1985) (bill of particulars properly denied where the defendant did

not demonstrate surprise, prejudice or increased risk of double jeopardy).  The test

for determining whether to grant a bill of particulars is whether it is necessary, not

whether it is helpful.  United States v. Weinberg, 656 F. Supp. 1020, 1029

(E.D.N.Y. 1987).   Moreover:

> When the demand goes "to the government's proof rather
> than to a clarification of the indictment it cannot be
> granted on a motion for bill of particulars."

United States v. Tallant, 407 F. Supp. 878, 890 (N.D. Ga. 1975) (citations omitted).

A defendant may not use a motion for a bill of particulars to inquire into the

means or manner by which a defendant committed a specific criminal act.  See,

e.g., United States v. Gray, 464 F.2d 632, 635 (8th Cir. 1972) (manner of offense);

Ellis v. United States, 321 F.2d 931, 932 (9th Cir. 1963) (denied bill of particulars

requesting information regarding means used by defendant to aid and abet

offense); Pines v. United States, 123 F.2d 825 (9th Cir. 1941) (disclosure of manner

and means not required).  Furthermore, the defendant may not use a bill of

particulars to seek disclosure of the identity of any unindicted coconspirators.

United States v. Dicesare, 765 F.2d 890, 897-98 (9th Cir. 1985).

Where, as in this case, the indictment and discovery give the necessary details of the offenses alleged, the defendant is not individually entitled to a bill of particulars. United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984); United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983); United States v. Chenaur, 552 F.2d 294, 300-302 (9th Cir. 1977); Drebin, 577 F.2d at 1325; United States v. Clay, 476 F.2d 1211, 1215 (9th Cir. 1973). The defendant has had open access to all of the discovery in this case and has received copies of much of the discovery. The dates, times, and locations of the various events the defendant seeks are set forth as specifically as possible in both the indictment and the discovery made available to him.

<u>The Defendant's Specific Request for Particulars</u>

Within his motion, the defendant acknowledges that the indictment and discovery provide details as to "what" occurred, "when" it occurred, and "where" it occurred. The defendant's chief complaint is that "how" this occurred is not specified. Defendant's Motion, p. 2. However, "how" a statute is violated goes to proof, rather than clarification of an indictment. See, e.g., United States v. Gray, 464 F.2d 632, 635 (8th Cir. 1972) (manner of offense); Ellis v. United States, 321 F.2d 931, 932 (9th Cir. 1963) (denied bill of particulars requesting information regarding means used by defendant to aid and abet offense); Pines v. United States,

123 F.2d 825 (9th Cir. 1941) (disclosure of manner and means not required).   Here, the Count 2 of the indictment tracks the language of the statute, and set forth a time period and a place.  This is all that is necessary to apprise the defendant of her applicable conduct.  United States v. Ely, 142 F.3d 1112, 1120 (9th Cir. 1997); see also United States v. Woodruff, 50 F.3d 673, 676 (9th Cir. 1995) (holding that "bare bones" information that tracks the statutory language is generally sufficient). An indictment need not allege the government's theory of the case or detail the evidence to be presented at trial. See United States v. Mustachio, 968 F.2d 782, 787 (9th Cir. 1991); see also United States v. Cochrane, 985 F.2d 1027, 1031 (9th Cir. 1993).

Quite simply, the defendant is charged with opening, leasing, renting maintaining, and using 6611 E. 9th Ave., #2, for the purpose of manufacturing, distributing, and using cocaine and crack cocaine.  As the indictment charges, the crime began when the defendant signed the lease, on or about January 11, 2004, and continued until agents executed a search warrant on August 13, 2005. Although the government need not disclose "how" it will prove this charge, the defendant's own statement, which was provided to her in discovery, inculpates her in both the charge she currently faces as well as the underlying conspiracy. Attached hereto as Exhibit A, for the Court's review, is the defendant's statement.

The defendant admitted in her statement that, when she rented 6611 E. 9th Ave., #2, she knew Byron Williams was a drug dealer. Therefore, it should not come as a surprise to the defendant how the United States intends to prove the charge. <u>See, e.g.</u>, <u>United States. v. Tamez</u>, 941 F.2d 770 (9th Cir. 1991) (statute making it unlawful to provide building for purpose of narcotics trafficking does not require that owner intend to use building for prohibited purpose but requires only that proscribed activity was present, that owner knew of the activity, and allowed that activity to continue).

Finally, the United States intends to modify and augment the current indictment based on the undersigned review of the indictment, as well as developments that occurred since the filing of the last indictment. Thus, in all likelihood, defendant's request may become moot in the future.


//



//

## CONCLUSION

The indictment clearly informs the defendant of the charge, the approximate dates of the offense, and the location of the alleged crime.  Accordingly, her claim that she needs to avoid surprise at trial is disingenuous.  Thus, the Court should therefore deny the defendant's motion for a bill of particulars.

RESPECTFULLY SUBMITTED this 21st day of February, 2006 in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Frank V. Russo
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing
was sent to the following counsel of record on February 21, 2006, via:

(X) Electronic case filing notice

David Weber, Esq.

s/ Frank V. Russo

U.S. v. Chaison
Case No. 3:05-0076-06-RRB-JDR          Page 8 of  8