DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:05-0076-06-RRB-JDR |
| Plaintiff, | ) |
| vs. | ) |
| TANYA E. CHAISON, | ) OPPOSITION TO MOTION |
| | ) TO SUPPRESS STATEMENT |
| Defendant. | ) |

COMES NOW the United States of America, by and through undersigned counsel, and hereby opposes defendant's motion to suppress statement, filed at docket 158. The defendant's motion is unsupported in fact and in law. Completely

absent from the defendant's motion is any affidavit or declaration from the defendant alleging some illegality. Thus, the defendant's motion should be denied without an evidentiary hearing.

## BACKGROUND

On January 27, 2006, defendant Tanya Chaison was arrested on a federal warrant. She was taken to the Anchorage office of the Drug Enforcement Administration, where she was interviewed. Before being interviewed, Special Agent Mark Schmidt advised the defendant of her Constitutional Rights, including those established in <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).[1] The defendant indicated that she understood her rights and agreed to speak with investigators. During the course of this conversation, in which the defendant was cooperative, calm, and collected, the defendant provided investigators with a detailed statement. A copy of this statement is attached hereto as Exhibit A.[2] The defendant was not made any promises or coerced in any way, shape, or form.

---

[1] The defendant erroneously states that "Agent Dorr claims to have advised Ms. Chaison of her <u>Miranda</u> rights." Defendant's motion, p. 2. Rather, Special Agent Schmidt did.

[2] No recording of the defendant's statement was made, nor is such required under federal law. Apparently, the failure to record a statement may be grounds for suppression under state law. While this line of argument may be fascinating to some in the defense bar, it completely ignores the Supremacy Clause of the U.S. Constitution.

**ARGUMENT**

**I.   THE DEFENDANT HAS NOT MADE A SUFFICIENT SHOWING TO WARRANT AN EVIDENTIARY HEARING.**

Completely absent from the defendant's motion is any affidavit or declaration from her swearing that she was the victim of an coerced or otherwise illegal police action; while this is understandable, since no such illegal conduct occurred, it is insufficient to warrant an evidentiary hearing based merely on the specious innuendo in her motion.  An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist.  See  United States v. Harris, 914 F.2d 927, 933 (7th Cir.1990);  United States v. Irwin, 612 F.2d 1182, 1187 n. 14 (9th Cir.1980);  United States v. Carrion, 463 F.2d 704, 706 (9th Cir.1972).

In United States v. Howell, 231 F.3d 615(9th Cir. 2000), the defendant identified no facts which, if proved, would allow the court to suppress the confession.  To justify his request for an evidentiary hearing, Howell submitted a boilerplate motion from his attorney that relied wholly on the fact that the government has the burden of proof to establish adequate Miranda warnings. Based on Howell's conclusory motion, the Court found that the magistrate judge

did not abuse its discretion in refusing to hold an evidentiary hearing. Id. at 620-21.

Similarly, the defendant here has asserted that "Ms. Chaison disputes ever having been advised of her rights." Defendant's Motion, p. 2. Conspicuously absent is any sworn statement from the defendant attesting to the fact that she was never read Miranda warnings. Thus, the defendant merely asserts a flaw, and simply states that the United States has the burden of proving that the defendant's statement is voluntarily given. Then, the defendant's attorney makes vague assertions about police coercion, completely unsupported by anything resembling sworn facts. Indeed, the defendant has neither identified how Chaison was coerced or what alleged illegal stratagem was used by law enforcement. Such a showing is insufficient to merit an evidentiary hearing, or a ruling for suppression. United States v. Carrion, 463 F.2d 704, 706 (9th Cir.1972) ("Evidentiary hearings need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that relief must be granted if the facts alleged are proved.")

## II.   CHAISON'S CONFESSION WAS COMPLETELY VOLUNTARY

Even if the Court finds that the defendant's vague allegations in her unsupported motion are sufficient to warrant an evidentiary hearing, it will find that the defendant's statement was completely voluntary.  The government has the burden of proving voluntariness by a preponderance of the evidence.  <u>Lego v. Twomey</u>, 404 U.S. 477, 489 (1972).  The test is whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne.  <u>United States v. Tingle</u>, 658 F.2d 1332, 1335 (9th Cir. 1981).  It is not enough that the confession was caused by the interrogation; rather, it must be caused by improper police conduct.  <u>United States v. Barnett</u>, 814 F. Supp. 1449, 1456 (D. Alaska 1992).

The defendant's vague unsupported allegations in her motion hint that she was somehow coerced.  However, the police conduct at issue does not come close to the level of impermissible coercion.  Cf.  <u>Tingle</u>, 658 F.2d 1332.  In <u>Tingle</u>, the Ninth Circuit invalidated a confession of a defendant where agents grossly misled a defendant regarding her potential sentence as well as the probable consequences of refusing to be interrogated.  <u>Id.</u>  In holding that Tingle's confession was the product of psychological coercion, the court found several factors significant in its

analysis: (1) the agents interrogating Tingle told her that she faced a penalty of up to forty years, when in fact her sentence was only a matter of months; (2) the agents mentioned Tingle's son for no good reason; (3) the agents said that they would inform the prosecutor that she was "stubborn or hard-headed" if she refused to cooperate; (4) the agents accused Tingle of lying; (5) Tingle repeatedly maintained her innocence; and (6) Tingle was noticeably shaking and cried for at least ten minutes during the interview. Id. at 1334.

None of what occurred in Tingle occurred in the case at bar. First of all, Agent Schmidt never exaggerated the penalties Chaison faced. Next, Agent Schmidt never told the defendant that her failure to cooperate would reflect negatively upon her. The defendant neither maintained her innocence nor was she accused of lying. Unlike Tingle, Chaison confessed moments after being read her Miranda warnings, without shaking or sobbing.

At most, Agent Schmidt told the defendant that her cooperation may be taken into consideration by the assigned prosecutor. Such a statement uniformly has been held proper by the Ninth Circuit. United States v. Guerrero, 847 F.2d 1363 (9th Cir. 1988); Tingle, 658 F.2d at 1336 n. 5. Even assuming, for the sake of argument, that defendant's unsupported allegation in her motion is true, in that Agent Schmidt "made it clear" that failure to cooperate would result in the

defendant being "treated more harshly", such statement is insufficient to constitute coercion.  See United States v. Crespo de Llano, 838 F. 2d 1006 (9th Cir. 1987) (threats to do what the agents have a legal right to do, such as bringing a defendant to trial and seeking a conviction and realistic penalty, do not invalidate confession).  Accordingly, Agent Schmidt's questioning of the defendant was proper and legal, and Chaison's resulting confession was completely voluntary.

## CONCLUSION

For all the above reason, the United States respectfully submits that the defendant's motion to suppress evidence should be denied without a hearing.  The defendant was fully advised of her rights prior to giving a confession.  Even taking

//

//

the unsupported facts as alleged by the defendant as true for purposes of this motion, the questioning of the defendant does not amount to improper coercion. Accordingly, the Court should deny the motion.

    RESPECTFULLY SUBMITTED this  21st day of February, 2006 in Anchorage, Alaska.

        DEBORAH M. SMITH
        Acting United States Attorney

        s/ Frank V. Russo
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 West Seventh Avenue, #9, Room 253
        Anchorage, Alaska  99513-7567
        (907) 271-5071
        (907) 271-1500 (fax)
        Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on February 21, 2006, via:

    (X) Electronic case filing notice

David Weber, Esq.

s/ Frank V. Russo