DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: frank.russo@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:05-0076-06-RRB-JDR |
| Plaintiff, | ) |
| vs. | ) |
| TANYA E. CHAISON, | ) RESPONSE TO MOTION |
| | ) FOR SEVERANCE |
| Defendant. | ) |

COMES NOW the United States of America, by and through undersigned counsel, and hereby opposes defendant's motion for severance, filed at docket 144. The defendant, pursuant to Fed. R. Crim. P. 14, moves to sever her trial from those

of her co-defendants based on <u>United States v. Bruton</u>, 391 U.S. 123 (1968). Additionally, the defendant argues for severance based on the theory that a joint trial would be prejudicial to her individual interests. The defendant has not shown how a joint trial will substantially prejudice her rights. Furthermore, the defendant has not identified the purported <u>Bruton</u> problems with any co-defendant's post-arrest statement. However, the defendant's own post-arrest statement contains numerous inculpatory references to Byron Williams, a co-defendant who has yet to move for severance. For the reasons set forth below, the United States requests that the Court defer decision on severance motions until a reasonable time before trial.

## BACKGROUND

A federal grand jury has charged the defendant in Count 2 of the Third Superseding Indictment in this case, Maintaining a Drug Involved Premises, in violation of 21 U.S.C. § 856. While the defendant is mentioned in Count 1 of the indictment, charging Drug Conspiracy, the defendant has not yet been indicted on that count.[1] Specifically, the defendant appears to contend first, that there may be

---

[1] Undersigned counsel, who has been assigned to this case after the last superseding indictment, has reviewed the charge and evidence applicable to defendant Chaison. Based on this review, counsel expects that there will be future changes to the indictment that will further undermine the defendant's request for severance based on improper joinder of defendants and offenses.

Bruton problems with co-defendants' post-arrest statements that will prejudice her. However, the defendant has not identified such problems, nor does the United States intend to violate the Bruton rule in this case by introducing any post arrest statement that infringes upon the defendant's rights.  Next, the defendant contends that she is improperly joined with her co-defendants, in violation of Fed. R. Crim. Proc. 8(b), despite the fact that she acknowledges that she is charged in the same series of acts or transactions that gave rise to the indictment.  Finally, the defendant claims that she has been prejudicially joined in the indictment, and seeks relief pursuant to Fed. R. Crim. Proc. 14(a).  However, this claim is based on misguided speculation that the jury will be unable to follow the trial court's instructions.

## BRUTON ISSUES

The United States has produced over 70 compact discs containing recordings of co-defendants Byron Williams and Roderick Williams.  The defendant has not identified which, if any, recording violates her confrontation rights.  The United States intends to play such recordings to the extent that they constitute co-conspirator statements pursuant to Fed. R. Evid. 801(d)(2).[2]  Such use would not violate Bruton.  As previously stated, the United States does not intend

---

[2] Because the undersigned has been recently assigned the case, he has not had the opportunity to listen to all the recordings to determine which, if any, the United States intends to introduce.

to violate the Bruton rule in this case by introducing any post arrest statement that infringes upon the defendant's rights. To the extent that the United States discovers a statement it intends to use that may arguably infringe upon confrontation rights, the United States will bring such statement to the attention of the defendant and the Court.

However, the United States has identified a potential Bruton problem with the defendant's own statement, the substance of which is attached hereto as Exhibit A. Therein, the defendant inculpates co-defendant Byron Williams. This statement is the subject of a motion to suppress filed by defendant Chaison at docket 158. If suppression is denied, the United States intends to use such statement against defendant Chiason. However, the United States submits that severance of Byron Williams case from the other co-defendants is premature. Indeed, a number of options exist with respect to use of such statement at trial, if both Williams and Chaison proceed to trial. For example, the court may (1) delete references in the confession to the codefendant against whom the confession is inadmissible, see Richardson v. Marsh, 481 U.S. 200 (1987); (2) order severance of the defendants' trials; or (3) try the defendants together but before different juries, see Smith v. De Robertis, 758 F.2d 1151 (7th Cir. 1985) . In any event, being that the motion to suppress the defendant's statement, as well as a motion to

continue the trial, are currently pending, the United States submits that the issue of severance is better addressed shortly before trial. Indeed, the contemplated changes to the indictment may remove several of the issues raised by the defendant.

## JOINDER IS PROPER

The defendant has failed to meet his burden of proving she will suffer actual prejudice or that substantial rights will be affected by proceeding to trial with the other co-defendants. Normally, defendants who are jointly indicted should be jointly tried. United States v. Mariscal, 939 F.2d 884 (9th Cir. 1991); United States v. Polizzi, 801 F.2d 1543 (9th Cir. 1986). Fed. R. Crim. P. Rule 8 is the rule that approves of the joinder of both offenses and parties in the same indictment. The goal of this rule is to maximize trial convenience and efficiency with a minimum of prejudice. United States v. Sarkisian, 197 F.3d 966, 975 (9th Cir. 1999). Thus, the courts construe Fed. R. Crim. P. 8 as to be liberally applied in favor of joinder. Sarkisian, 197 F.3d at 975.

Fed. R. Crim. P. 8 provides that when the offenses or parties are part of the same act or transaction or in the same series of acts or transactions constituting the offense or offenses. The term "transaction" is interpreted flexibly, and whether a "series" exists depends on whether there is a "logical relationship" between the

transactions.  Sarkisian, 197 F.3d at 975-6.  A "series of transactions" can be logically related either by "by the existence of a common plan, scheme, or conspiracy" or by a showing that the evidence of the common activity constitutes a substantial portion of proof of the joined charges  United States v. Vasquez-Velasco, 15 F.3d 833, 843-44 (9th Cir. 1994). Moreover, as long as the defendant is part of the same "series of acts or transactions, Rule 8 explicitly provides that "[a]ll defendants need not be charged in each count."  Fed. R. Crim. Proc. 8(b).

Fed. R. Crim. P. 14 provides that offenses or parties joined pursuant to Fed. R. Crim. 8 may be severed from one another where it appears that a defendant or the government will suffer prejudice by the joinder of charges or defendants.  The prejudice must be clear, manifest, or undue.  United States v. Adler, 879 F.2d 491, 497 (9th Cir. 1988).  It must involve prejudice of a nature and significance sufficient to violate one of the defendant's substantive rights, such as the opportunity to present his own defense or to deny the defendant a fair trial.  United States v. Tootick, 952 F.2d 1078, 1082 (9th Cir. 1991).

It is the defendant's burden to make a strong showing that he will be prejudiced by being tried with the other defendants.  Williamson v. United States, 310 F.2d 192 (9th Cir. 1962).  Defendants are required to establish compelling

reasons why severance is appropriate. <u>Parker v. United States</u>, 404 F.2d 1193 (9th Cir. 1968). The defendant has established neither prejudice nor any compelling reasons in support of the motion other than to make a general complaint that evidence against co-defendants would "spill over" onto the defendant and thus would be unfair.

The primary consideration in determining prejudicial effect in a joint trial is whether the jury can reasonably be expected to separate the evidence as it relates to the individual defendants. <u>United States v. Escalante</u>, 637 F.2d 1197 (9th Cir.), <u>cert</u>. <u>denied</u>, 449 U.S. 856 (1980). Antagonistic and conflicting defenses do not necessarily require severance, even if there are hostilities between the defendants or if they blame one another. <u>United States v. Brady</u>, 579 F.2d 1121 (9th Cir. 1978), <u>cert</u>. <u>denied</u>, 439 U.S. 1074 (1979).

" To warrant severance, a defendant must establish clear, manifest, or undue prejudice from joinder... [m]erely suggesting, or even demonstrating, a comparative advantage in separate trials, absent a showing of manifest prejudice, doe not entitle a coconspirator to severance." <u>United States v. Adler</u>, 879 F.2d 473 (9th Cir. 1988). For instance, in a conspiracy case, severance is required when co-conspirators' defenses are mutually exclusive - when acquittal of one defendant necessarily results in the conviction of the other, <u>not</u> when the defenses are merely

inconsistent.  Id.  "The mere presence of hostility among defendants or the desire of one to exculpate himself by inculpating the others does not generate the kind of prejudice that mandates severance."  United States v. Sherlock, 865 F.2d 1069 (9th Cir. 1989).

The fact that there may be more incriminating evidence against one defendant as opposed to another codefendant is insufficient to justify a separate trial for the latter.  United States v. Marcello, 731 F.2d 1354 (9th Cir. 1984).  The prejudicial effect of the greater presentation of evidence and additional charges against one co-defendant, can be eliminated by instructions to the jury.  United States v. Douglass, 728 F.2d 1472 (9th Cir. 1986).  Denial of severance is proper even though evidence is weaker against one of the co-defendants.  United States v. Candoli, 870 F.2d 496 (9th Cir. 1989).

The defendant argues that if she were tried separately from her co-defendants, the court would not have to be concerned about co-defendant out-of-court statements.  However, co-conspirator statements would be admissible against each defendant at a separate trial or at a joint trial, as there is no requirement that a conspirator to be indicted before his or her out of court statement is admitted as a co-conspirator statement.  Therefore, because the government must first lay the foundation for admission of coconspirator statements, the defendants cannot now

establish that she will be prejudiced by the admission of the as yet unidentified co-defendant statements. Moreover, the defendant's mistrust of the jury's intelligence is unfounded and does not justify her motion. United States v. Reeves, 674 F.2d 739 (8th Cir. 1982); United States v. Rocha, 916 F.2d 219 (5th Cir. 1990); United States Console, 13 F.3d 641 (3d Cir. 1993); United States v. Najjar, 300 F.3d 466 (4th Cir. 2002). Finally, a defendant who simply stands a better chance of acquittal if tried separately is still not entitled to a severance. Zafiro v. United States, 506 U.S. 534 (1993); United States v. Brooks, 957 F.2d 1139 (4th Cir. 1992).

In sum, the evidence against the defendants, the witnesses, and the places involved will all be the same. Indeed, even if the defendant is only charged with Maintaining a Drug involved Premises, evidence of the Drug Conspiracy charged in Count 1 would be admissible to demonstrate that the defendant "knowingly and intentionally opened, leased, rented, used, and maintained a place at 6611 East 9th Avenue #2, Anchorage, Alaska, for the purpose of manufacturing, distributing and using cocaine and cocaine base (crack)." See Third Superseding Indictment, Count 2; Fed. R. Evid. 404(b).

A separate trial would unnecessarily consume judicial resources when a joint trial would be appropriate. For the forgoing reasons, the United States

submits that the Court defer ruling on the motion to sever until a reasonable time before trial. At such time, any <u>Bruton</u> issues, suppression motions, and issues regarding subsequent charges that the defendant may face will be resolved.

RESPECTFULLY SUBMITTED this  21st  day of February, 2006 in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Frank V. Russo
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing
was sent to the following counsel of record on February 21, 2006, via:

    (X) Electronic case filing notice

David Weber, Esq.

s/ Frank V. Russo