DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:05-0076-RRB-JDR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | GOVERNMENT'S RESPONSE |
| | ) | TO DEFENDANT'S MOTION TO |
| RODERICK WILLIAMS, | ) | KYLES AND BRADY |
| TANYA E.  CHAISON, | ) | MATERIAL |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW, the United States of America, by and through undersigned counsel, and hereby opposes the defendant's "Motion for Specific Kyles and Brady Information", filed at Docket 148.  This motion was joined by co-defendant Roderick Williams at Docket 182.  Although the motion sets forth a "canned" laundry list of requests, the motion generally requests exculpatory information,

information about witnesses' motives, biases, and interest, and information about general witness credibility. To support its request, defendant opines that "it is inconceivable that the Government has not yet gathered this material." To the extent that the defendant requests exculpatory evidence, the United States is well aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny. The United States is also aware of, and will comply with, the Court's Order at docket 120, requiring production of Brady material as soon as practicable. See, e.g., United States v. Nagra, 147 F.3d 875, 881 (9th Cir. 1998) (Brady requires disclosure of material favorable information before trial); United States v. Jones, 612 F.2d 451, 455 (9th Cir. 1980) (if early production of Brady material conflicts with Jencks Act, Jencks Act controls timing of production).

  The United States also acknowledges its obligation under Giglio to produce the criminal histories, immunity agreements, and any plea agreements or promises made to Government witnesses. Such information will also be turned over with any Jencks Act material. The timing of such a production has not yet been determined, though the Government does intend to produce such material in advance of trial. The Government also acknowledges its duty to conduct a Brady review of the statements of all non-testifying witnesses and will also turn over

Brady material contained in such statements when the Government turns over any Jencks Act material. However, the United States objects to the defendant's request that such material be turned over 30 days in advance of trial; moreover, as set forth below, some of the items requested go well beyond the United States' duty to disclose pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny.

## ARGUMENT

I.   Only Material Information is Subject to Disclosure Under Brady.

Brady requires the disclosure of evidence favorable to the defendant where such evidence is material to guilt or punishment. Brady, 373 U.S. at 87. The rule of Brady also extends to impeachment evidence. United States v. Bagley, 473 U.S. 667, 676 (1985). The disclosure of evidence affecting the credibility of a witness falls within Brady only if the reliability of the given witness may be determinative of guilt or innocence. Giglio, 405 U.S. at 154.

The prosecution does not have a duty to disclose all information that might affect the jury's decision. Rather, the Government is required to provide the defense with only information that meets the appropriate standard of materiality. See United States v. Agurs, 427 U.S. 97, 108-112 (1976); United States v. Cadet, 727 F.2d 1453, 1467 (9th Cir. 1984). Before information rises to the level of

Brady material, it must meet three threshold prerequisites. It must be: (1) within the Government's possession (United States v. Gatto, 763 F.2d 1040 (9th Cir. 1985); United States v. Friedman, 593 F.2d 109, 119-120 (9th Cir. 1979)); (2) exculpatory in itself (United States v. Flores, 540 F.2d 432 (9th Cir. 1976)); and (3) material to the defendant's guilt or punishment. It is the last requirement - materiality - that is most significant in any proper Brady analysis.

The Supreme Court addressed the issue of materiality as it affects the Government's due process obligations under Brady in Bagley, 473 U.S. 667, where the Court stated:

> The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome.

Id. at 682.

The Ninth Circuit has repeatedly stressed that materiality is a necessary prerequisite to disclosure under Brady. When the prosecution has knowledge of and access to potentially exculpatory Brady evidence, the evidence must be material. United States v. Bryan, 868 F.2d 1032, 1037 (9th Cir.1989). The requisite showing of materiality is not satisfied by conclusory allegations that the requested information is material to the preparation of the defense. United States

v. Condor, 423 F.2d 904, 910 (9th Cir. 1970); see also, Cadet, 727 F.2d at 1467. Moreover, mere speculation about the existence of Brady material does not require inspection of the Government's evidence. United States v. Michaels, 796 F.2d 1112, 1116 (9th Cir. 1986 ). Similarly a "hunch" that material evidence might be discovered in certain areas is not a sufficient showing of materiality to warrant discovery. Flores, 540 F.2d at 427-438. Brady also does not require the Court to make an in camera search of the Government files. Michaels, 796 F.2d 1116; citing, United States v. Harris, 409 F.2d 77, 80-81 (4th Cir. 1969).

Accordingly, the defendant must make a factually based showing of materiality. Id. at 437. As the court stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980):

> In response to a request for exculpatory evidence the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality.

See also, Von Brandy, supra; United States v. Marshall, 532 F.2d 1279, 1285 (9th Cir. 1976) (defining materiality under previous Rule 16(b) to mean evidence that would substantially alter the quantum of proof in defendant's favor).

The foregoing authorities demonstrate that the defendant's requests under Brady must be significantly exculpatory material; each item must be likely to have

a determinative impact on the guilt or punishment of the defendant. Due process does not require the Government to search its files for all arguably favorable information, but only for that favorable information likely to have a probable impact on the outcome of the case. This standard applies both to direct evidence and to the Government's obligation to turn over exculpatory evidence bearing upon witness credibility. As to the latter category of information, the Government's obligation is to disclose significant impeachment material - material that could be determinative to the credibility of a key Government witness. See Bagley, supra.

II.     Brady Does Not Create a General Right to Pretrial Discovery.

It is also well established that there is no general constitutional right to pretrial discovery in federal criminal cases and Brady did not establish such a right. Weatherford v. Bursey, 429 U.S. 545, 549 (1977); accord., Flores, 540 F.2d 432. Brady simply is not to be used as a discovery tool for the defense. United States v. Jones, 612 F.2d 453, 455 n.1 (9th Cir. 1980), citing Wardius v. Oregon, 412 U.S. 470, 474 (1973). Rather, Brady is a rule of fairness and obligation. U.S. v. Beasley, 576 F.2d 626 (5th Cir. 1978), cert. denied, 440 U.S. 947 (1979), citing Agurs, 427 U.S. at 107.

Accordingly, Brady does not require the Government to disclose every piece of evidence that could arguably be relevant. United State v. Von Brandy, 726 F.2d

548, 551 (9th Cir. 1984). Rather, the Government must disclose only evidence that is both favorable and material to the defense. Gardner, 611 F.2d at 774-75. See also, Cadet, 727 F.2d at 1467. With regard to general discovery obligations, the Government has and will continue to comply the requirements of Federal Rule of Criminal Procedure 16.

III.   The Government will Provide all Appropriate Brady, Giglio, and Jencks Act Witness Material Shortly before Trial.

The Government acknowledges its duty to conduct a Brady review of the statements of all non-testifying witnesses. The Government will turn over Brady material contained in such statements at the time the Jencks Act material is turned over. As noted above, while the timing of the production has not yet been determined, the Government does intend to produce such material in advance of trial. The Ninth Circuit holds that although Brady material must be disclosed while it is still of substantial value to the accused, it need not be produced before trial. United States v. Manning, 56 F.3d 1188, 1198 (9th Cir. 1995). The Government also acknowledges its obligation under Giglio to produce the criminal histories, immunity or any plea agreements or promises made to Government witnesses. Such information will also be turned over with the Jencks Act material.

As held by the Supreme Court, "[g]enerally, the need for evidence to

impeach witnesses is insufficient to require its production in advance of trial." United States v. Nixon, 418 U.S. 683, 701 (1974). In addition, such disclosure would reveal potential witnesses, which may or may not turn out to be the witnesses who testify. This effective pre-trial disclosure of witnesses is simply not required in a non-capital case. United States v. Dischner, 960 F.2d 870, 890 (9th Cir. 1992).

The Jencks Act, 18 U.S.C. § 3500, unequivocally states that the defense is not entitled to a government witness's prior statements until after the witness has testified on direct examination. After a prosecution witness testifies, the Jencks Act requires the government to produce any statements made by the witness in its possession that relate to the subject matter of the trial testimony. United States v. Kerr, 981 F.2d 1050, 1052 (9th Cir. 1992); See also, United States v. Pisello, 877 F.2d 762, 768 (9th Cir. 1989).

The court may not compel disclosure of such statements before trial. United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). This policy is also stated in Fed. R. Crim. P. 26.2. The substance of the Jencks Act is essentially incorporated into this rule. Rule 26.2 does not in any way alter the delivery schedule of the statements to either party. See, United States v. Litman, 547 F.Supp. 645, 652 (W.D. Pa. 1982), aff'd, 661 F.2d 17 (3rd Cir. 1982).

Moreover, it is clear that where the defense seeks material that qualifies as both Jencks Act and Brady material, the Jencks Act standards control. United States v. Jones, 612 F.2d 453 (9th Cir. 1979). The Ninth Circuit Court of Appeals has held that Brady exists as an independent foundation to preserve evidence and is not intended to override the mandate of the Jencks Act. United States v. Bernard, 623 F.2d 551 (9th Cir. 1979). Efforts to override the clear mandate of the Jencks Act as to the timing of the production of statements have been systematically rejected. See United States v. Taylor, 802 F.2d 1108 (9th Cir. 1986); United States v. Grandmont, 680 F.2d 867, 874 (1st Cir. 1982); United States v. Carter, 621 F.2d 238, 240 (6th Cir. 1980); United States v. McMillen, 489 F.2d 229 (7th Cir. 1972); United States v. Campagnuolo, 592 F.2d 852, 858 (5th Cir. 1979).

If any persons existed whom the Government did not intend to call and who had incriminating information about this case, the Government is under no obligation to disclose that fact, as this would fall neither within Brady nor within any other discovery obligation. Such production is counter to the law of this circuit. United States v. Bryan, 868 F.2d 1032, 1037 (9th Cir. 1989), citing United States v. Cadet, 727 F.2d 1453, 1469 (9th Cir. 1984); see also United States v. Little, 753 F.2d 1420, 1440-1441 (9th Cir. 1984) (as amended February 15, 1985). Whether any such information is incriminating or exculpatory, pre-trial production

is tantamount to providing a witness list, which is not required in a non-capital case.  United States v. Dischner, 960 F.2d 870, 890 (9th Cir. 1992); United States v. Steele, 759 F.2d 706, 709 (9th Cir. 1985); United States v. Sukumolachan, 610 F.2d 685, 688 (9th Cir. 1980).

Information from witnesses that does not incriminate the defendant does not necessarily exculpate him.  The Government is simply not required to report the status of any witness it does not intend to call at trial, or to report statements which are not exculpatory.  Bryan, 868 F.2d at 1037; See also United States v. Little, 753 F.2d 1420, 1440-41 (9th Cir. 1984) (amended February 15, 1985); United States v. Sims, 808 F.Supp. 607, 615 (N.D. ILL. 1992).  Couching such a request as a Brady request is of no avail.  Contrary to the defendant's implicit suggestions, Brady does not require early disclosure of impeachment and exculpatory material.

IV.   The Defendant's Specific Requests

The United States has particular objections to certain defense request. Defense Request "A" essentially requests that the United States provide him with a list of who may or not be on the government's witnesses and to have the United States provide any impeachment material 30 days in advance of trial, which in effect would also be disclosure of the government's witness list.  In non-capital

cases such as this, the United States does not have to disclose the names of its witnesses prior to trial. *United States v. Steel*, 759 F.2d 706, 709 (9th Cir.1985). Further, there is no basis to disclose witnesses addresses.

Defense Requests B, C, D, E, F, J, K, L, M, N, O, P, Q, R, S, T, and U. concern impeachment material of "informants" and other witnesses. The United States will disclose impeachment material it deems "material" and favorable to such informant's or witness's credibility. Benn v. Lambert, 283 F.3d 1040, 1058-59 (9th Cir. 2002).

Defense Request G and H concern statements of witnesses, both that the defendant intends to call and those that it does not. The United States will turn over such statements if it deems such statements materially inconsistent and favorable to the defense. Again, information from witnesses that does not incriminate the defendant does not necessarily exculpate him. The Government is simply not required to report the status of any witness it does not intend to call at trial, or to report statements which are not exculpatory. Bryan, 868 F.2d at 1037; supra.

## CONCLUSION

The Government will act in accordance with its duty under Brady, Giglio, Federal Rules of Criminal Procedure 16 and 26.2, and the Jencks Act. It also will

comply with the Court's Order For Progression of a Criminal Case, filed at docket 120, and disclose all <u>Brady</u> material as soon as practicable.  Trial is still approximately two months away, and a non-opposed motion to continue the trial, joined by both defendants who have filed the instant motion, is currently pending. Despite the defendant's belief to the contrary, witness lists are far from finalized. Accordingly, for the reasons stated above, the defendant's motion for <u>Brady</u> material should be denied.

RESPECTFULLY SUBMITTED this <u>21st</u> day of February, 2006 in Anchorage, Alaska.

> DEBORAH M. SMITH
> Acting United States Attorney
>
> <u>s/ Frank V. Russo</u>
> Assistant U.S. Attorney
> Federal Building & U.S. Courthouse
> 222 West Seventh Avenue, #9, Room 253
> Anchorage, Alaska  99513-7567
> (907) 271-5071
> (907) 271-1500 (fax)
> Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing
was sent to the following counsel of record on February 21, 2006, via:

    (X) Electronic case filing notice

David Weber, Esq.
Lance C. Wells, Esq.

<u>s/ Frank V. Russo</u>_____