DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:05-0076-RRB-JDR<br>)<br>) |
| Plaintiff, | ) |
|  | ) **RESPONSE TO MOTION FOR** |
| vs. | ) **PRODUCTION OF** |
|  | ) **STATEMENTS BY CO-** |
| RODERICK WILLIAMS,<br>TANYA E. CHAISON, | ) **DEFENDANTS**<br>)<br>) |
| Defendants. | )<br>) |

COMES NOW, the United States of America, by and through undersigned counsel, and hereby opposes the defendant's "Motion for Production and Disclosure of Statements By Co-Defendants", filed at Docket 155.  This motion was joined by co-defendant Roderick Williams at Docket 181.

The defendant presents no authority requiring the United States to produce co-defendant statements to the defendant at this stage of the proceedings. There is no constitutional right to discovery not provided for in the Federal Rules of Criminal Procedure. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977). The plain language of Fed. R. Crim.P. 16(a)(1)(A) pertains to the discovery of statements 'made by the defendant.' Fed. R. Crim. P. 16(a)(1)(A) specifically states that a defendant is entitled to discovery of statements he wrote or otherwise recorded, and oral statements he made in response to interrogation by persons known to be government agents. United States v. Hoffman, 794 F.2d 1429, 1431 (9th Cir.1986) and United States v. Collins, 764 F.2d 647, 653 (9th Cir.1985) (discovery not required because statements were not made in response to interrogation).

The rule does not mention and is not intended to apply to the discovery of statements made by co-defendants. See United States v. Harris, 542 F.2d 1283, 1291 (7th Cir. 1976). Such statements are more properly governed by the Jencks Act, 18U.S.C. 3500, Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 50 (1972), if a co-defendant testifies or has revealed any information that exculpates the defendant. United States v. Pollack, 534 F.2d 964, 975-976 (D.C. Cir. 1976). The United States is unaware of any co-defendant

statement that contains exculpatory information regarding the defendant.  If any such information arises, the United Sates will notify the defendant.

Nevertheless, the United States has turned over to the defendant over 77 CDs containing audio recordings of co-defendants.  Such recording contain post-arrest jail telephone calls of the defendants co-defendants.  Undersigned counsel has been recently assigned to this case, and has not had sufficient time to review all such recordings to specifically identify which recordings, if any, inculpate the moving defendants in this motion.  In any event, with respect to post-arrest jail recordings, the defendants have already received the information they request.

Finally, the United States does not intend to offer any statements that the Bruton case addresses and precludes from being admitted.  The United States has identified one Bruton issue that pertains to defendant Byron Williams, but none that prejudices defendants Chiason and Roderick Williams.   If any co-defendant does testify against the defendant, any recorded post arrest statement of the co-defendant would be subject to production under the Jencks Act after the co-defendant's testimony.  The Jencks Act limits compulsory pretrial discovery of statements made by prospective government witnesses and makes them unavailable until such witnesses have testified at trial. United States v. Griffin, 659 F.2d 932, 936 (9th Cir.1981).  As repeatedly stated in other responses, the United States

intends to provide all defendants Jencks Act material two to three days before the commencement of the governments case. Furthermore, as addressed in the government's response to the defendant's "Motion for Discovery of 'Defendant's Statements'", filed at docket 147, there is no need to hold a hearing on this request. The court should deny the motion.

RESPECTFULLY SUBMITTED this  21st day of February, 2006 in Anchorage, Alaska.

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ Frank V. Russo
>Assistant U.S. Attorney
>Federal Building & U.S. Courthouse
>222 West Seventh Avenue, #9, Room 253
>Anchorage, Alaska  99513-7567
>(907) 271-5071
>(907) 271-1500 (fax)
>Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing
was sent to the following counsel of record on February 21, 2006, via:

(X) Electronic case filing notice

David Weber, Esq.
Lance C. Wells, Esq.

s/ Frank V. Russo_____