DEBORAH M. SMITH
Acting United States Attorney

FRANK V. RUSSO
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:05-0076-RRB-JDR |
| Plaintiff, | ) |
| vs. | ) **RESPONSE TO MOTION FOR** |
| | ) **DISCOVERY OF** |
| | ) **"DEFENDANT'S STATEMENTS"** |
| RODERICK WILLIAMS, | ) |
| TANYA E. CHAISON, | ) |
| Defendants. | ) |

COMES NOW, the United States of America, by and through undersigned counsel, and hereby opposes the defendant's "Motion for Discovery of Defendant's Statements", filed at Docket 147.  This motion was joined by co-

defendant Roderick Williams at Docket 178. Therein, the defendants move fro production of both their own statements as well as "co-conspirator statements." The United Sates has no objection to the defendant's request for production of his statements, as those statements are described in Fed. R. Crim. P. 16 (a)(1)(A). The United States has already provided such reports, if any, to the defendants. The United States is opposed, however, at this stage of the proceedings, to production of any statements of any of its witnesses who may have been part of the conspiracy and who provided information to the United States. Likewise, the United States is opposed to the defendant's request for a "James" hearing.

I. Disclosure of the Defendant's Own Statements

The United States has agreed to provide the defendant with any of his statements that he wrote or otherwise recorded, or any oral statements he made to any government agent in relation to this case. Fed. R. Crim. P. 16(a)(1)(A) specifically states that a defendant is entitled to discovery of statements he wrote or otherwise recorded, and oral statements he made in response to interrogation by persons known to be government agents. United States v. Hoffman, 794 F.2d 1429, 1431 (9th Cir.1986) and United States v. Collins, 764 F.2d 647, 653 (9th Cir.1985) (discovery not required because statements were not made in response to interrogation). It does not pertain to any statements the defendant may have made

to others who in their own turn either memorialized the statements or related them to a law enforcement officer. Hoffman at 1431-2; United States v. Walk, 533 F.2d 417, 419 (9th Cir. 1975). Fed. R. Crim. P. 16 (a)(1)(A) does not direct production of the government's witnesses.

With respect to requests 1 & 2, the United States has already provided such information, if any. With respect to request 3, the United States responds that "notes" made by government agents are not "statements", as defined by Fed. R. Crim. Proc. 16. United States v. Griffin, 659 F2d 932 (9th Cir. 1981); United States v. Alvarez, 86 F.3d 901 (9th Cir. 1996); United States v. Brown, 303 F.3d 582 (5th Cir. 2002) (The government satisfies its obligation Rule 16 requiring it to disclose upon request written or recorded statements made by a defendant when it discloses an agent's summary reports that contains all of the information contained in the agent's interview notes.)

With respect to request 4, there are no recordings of the defendant's statement, despite the defendant's misguided belief that a state of Alaska Supreme Court case imposes upon a local officer working on a federal task force an obligation to record statements. While such recording may be mandated by the Alaska Constitution, it is not by the United States Constitution.

Requests 5 and 6 are unsupported by Rule 16 or relevant case law. Not

surprisingly, the defendant cites no authority for such requests.

II.     Disclosure of Co-conspirator Statements

The defendant is not entitled to pre-trial disclosure of co-conspirator statements.  United States v. Walk, 533 F.2d 417, 420 (9th Cir. 1975) (holding that the Jencks Act prohibits the pre-trial disclosure of the witness' statements, even when such statements contain quotations allegedly attributable to the defendant).  Nevertheless, the defendant has moved for a pretrial determination of the admissibility of any out-of-court statements which the government may offer into evidence as a "co-conspirator" statements in this case.  In short, the defendant requests that the court conduct a "James hearing" (United States v. James, 590 F.2d 575 (5th Cir.)(en banc), cert. denied, 442 U.S. 917 (1979) and require the government, before trial, to establish the foundation for the admissibility of all such statements.

A pretrial determination of the admissibility any co-conspirator's statements in this case is completely unnecessary and would amount to a time consuming "mini trial."  The defendant's request for the same should therefore be denied.

Fed. R. Evid. 801(d)(2)(E) provides that a statement is not hearsay if the "statement is offered against a party and in furtherance of the conspiracy."  Before a court will admit a statement of a co-conspirator into evidence and against a

defendant, the government must establish <u>by a preponderance of the evidence</u> the three following requirements: (1) the existence of a conspiracy; (2) that the defendant and declarant were members of the conspiracy; and (3) that the statements were made during the course of and in furtherance of the conspiracy. <u>Bourjaily v. United States</u>, 483 U.S. 171, 173 (1987) [emphasis added]. The trial court, in making these preliminary factual determinations under Fed. R. Evid. 801(d)(2)(E), may consider, along with other evidence, <u>the actual hearsay statements sought to be admitted</u>. <u>Id.</u> at 181; <u>United States v. Schmit</u>, 881 F.2d 608 (9th Cir. 1989) [emphasis added].

    Fed. R. Evid. 104(a) states that a judge is not bound by the rules of evidence when determining preliminary fact questions except with the respect to privileges. The judge may receive the hearsay evidence and give it "such weight as his judgment and experience counsel." <u>Bourjaily</u>, 483 U.S. at 181. The Court in <u>Bourjaily</u> found that the Confrontation Clause of the Sixth Amendment does not require the trial court to inquire into the circumstances of co-conspirator's statements to determine independent indicia of the reliability of the statements. <u>Bourjaily</u>, 483 U.S. at 182. The hearsay rules and the Confrontation Clause are designed to protect similar values. Thus, if evidence falls within a hearsay exception, a court need not independently inquire into the reliability of such

statements.  Id.

The government must establish, by a preponderance of the evidence, that the co-conspirator's statement sought to be admitted was made in furtherance of the conspiracy.  Bourjaily, 483 U.S. at 173.  To meet the "in furtherance" requirement, the statements must further the common objectives of the conspiracy or set in motion transactions that are an integral part of the conspiracy.  United States v. Yarbrough, 852 F.2d 1522 (9th Cir. 1988).  The statements must somehow assist the conspirators in achieving their objectives.  United States v. Layton, 720 F.2d 548 (9th Cir. 1983).

The Ninth Circuit held in United States v. Schmit, 881 F.2d 608 (9th Cir. 1989), that in order to establish that a co-conspirator's statement was made " in furtherance" of the conspiracy, as required for admission, the government was not required to prove that the statements actually furthered the conspiracy in fact;  the court found that it was enough if the declarant made the statement for that purpose.  Id. at 612  [emphasis added].  Such statements are admissible even if they hinder the plot.  United States v. Reyes, 798 F.2d 380, 383-84 (l0th Cir. 1986).

Statements made in an attempt to conceal the conspiracy may also be considered to have been made "in furtherance of" the conspiracy.  United States v. Lim, 984 F.2d 331, 336 (9th Cir. 1993) [at defendant's trial on drug charges, DEA

agent testimony regarding pre-arrest statements by alleged co-conspirator that he was traveling alone and visiting friends were properly admitted under Fed. R. Evid. 801(d)(2)(A) as a co-conspirator's out-of-court statement made "in furtherance of the conspiracy"]; United States v. Williams, 989 F.2d 1061, 1069 (9th Cir. 1993) [defendant's admonition to now deceased co-conspirator's girlfriend not to tell anyone about trip defendant took to obtain drugs represented effort to conceal co-conspirator's illegal activities and thus was in furtherance of those activities and therefore admissible under co-conspirator exception to hearsay rule, Fed. R. Evid. 801(d)(2)(E)].

The decision as to whether the government has laid the proper foundation for the admission of co-conspirator statements lies with the judge rather than the jury. Id. at 174; United States v. Eubanks, 591 F.2d 513 (9th Cir. 1979). If the statement is admitted, the jury is to treat it as it does any other piece of evidence. The trial court need not instruct the jury that it is only to consider the statement if it makes certain preliminary findings relative to the alleged conspiracy and the statements. United States v. Ascarrunz, 838 F.2d 759 (5th Cir. 1988).

The Ninth Circuit has consistently held that the court may provisionally admit evidence of co-conspirators' statements, subject to a motion to strike if the government's evidence does not ultimately satisfy the foundational requirements.

United States v. Watkins, 600 F.2d 201, 204 (9th Cir.), cert. denied, 444 U.S. 871 (1979); United States v. Batimana, 623 F.2d 1366, 1369 (9th Cir. 1980); United States v. Zemek, 634 F.2d 1159, 1169 (9th Cir. 1980), cert denied, 450 U.S. 985, 101 S. Ct. 1359,  67 L. Ed. 2d 341, 450 U.S. 985, 101 S. Ct. 1525, 67 L. Ed. 2d 341, 452 U.S. 905, 101 S. Ct. 3031, 69 L. Ed. 2d 406 (1981). [1]  The order of proof is left to the sound discretion of the trial judge.  Zemek, 634 F.2d at 1169; United States v. Kenny, 645 F.2d 1323, 1333-1334 (9th Cir.), cert. denied, 454 U.S. 828 (1981); United States v. Perez, 658 F.2d at 658, n. 2; United States v. Long, 706 F.2d 1044, 1053 (9th Cir. 1983) (defendant's request for a pretrial hearing on admissibility of co-conspirators' statements properly denied), United States v. Rabb, 752 F.2d 1320, 1325 (9th Cir. 1984).   Bourjaily does not alter this principle. Bourjaily, 107 S. Ct. at 2782.

Requiring a "mini-trial" on the admissibility of co-conspirators' statements or even requiring the government to lay a complete foundation prior to admitting the co-conspirator's statements would frustrate justice and be an inefficient use of the government's and this Court's time.  As the commentary  to Rule 104(c), Fed. R. Evid., noted regarding a preliminary hearing:

---

[1] In Zemek, the Ninth Circuit expressly rejected adoption of  the Fifth Circuit's "preference" for pretrial determination of admissibility if  "reasonably practicable" as set forth           in United States v. James, supra. Id. at 1169 n. 13.

> The procedure is time consuming. Not infrequently the same evidence which is relevant to the issue of establishment of fulfillment of a condition precedent to admissibility is also relevant to weight or credibility, <u>and time is saved by taking foundation proof in the presence of the jury</u>.

<u>Notes of the Advisory Committee on Proposed Rules</u>, Pub L. 93-595, Section 1, 88 Stat. 1926 (1981) [emphasis added].

In this case, if the court were to adopt the unnecessary procedure requested by the defendant, a tremendous amount of time would be wasted and the defendant would be an opportunity to "pre-try" the case. The procedure the court should employ here is to provisionally admit any "co-conspirator's statement", subject to

//

//

//

motion to strike if the government's evidence does not ultimately establish the foundational requirements. That type of procedure, repeatedly approved by the Ninth Circuit, makes much more sense in this case. The court should therefore deny defendant's request for a <u>James</u> hearing.

RESPECTFULLY SUBMITTED this  21st day of February, 2006 in Anchorage, Alaska.

        DEBORAH M. SMITH
        Acting United States Attorney


        s/ Frank V. Russo
        Assistant U.S. Attorney
        Federal Building & U.S. Courthouse
        222 West Seventh Avenue, #9, Room 253
        Anchorage, Alaska  99513-7567
        (907) 271-5071
        (907) 271-1500 (fax)
        Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on February 21, 2006, via:

    (X) Electronic case filing notice

David Weber, Esq.
Lance C. Wells, Esq.

s/ Frank V. Russo_____