UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>          Plaintiff,<br>vs.<br><br>RODERICK WILLIAMS, TANYA CHAISON,<br><br>          Defendants. | A05-0076 CR (RRB)<br><br>**ORDER**<br>**DEFENDANT CHAISON'S**<br>**MOTION FOR SPECIFIC KYLES**<br>**AND BRADY INFORMATION**<br><br>(Docket No. 148) |

The court has now before it a motion by defendant Tanya Chaison seeking specific information from the government under the authority of *Kyles v. Whitley,* 514 U.S. 419 (1995) and *Brady v. Maryland,* 373 U.S. 83 (1963). (Docket No. 148). Said motion is joined by defendant Roderick Williams. (Docket No. 173). The government filed a response to the motion at docket No. 200.

The motion *sub judice* contains a laundry list of things the moving defendants seek to have the court require the government to produce. As discussed *infra*, this may be due in part to a desire to put the government on notice as to which things the defendants believe might be both exculpatory and material to their defenses. Of particular note is the defendants reliance on *Kyles v. Whitley,* 514 U.S. 419 (1995) for the proposition that conflicting statements of witnesses must be turned over to the government. This point is quintessential to highlighting both the shotgun (if not boilerplate) quality of the motion, as well as the soundness of the government's response to each of the defendants' requests and legal arguments. Quite simply, the government' response shows that it is keenly aware of what it must produce to the defendants and

when it is required to do so.  Additionally, the government's understanding of what it is *not* required to produce to the defendants conforms to the court's understanding.  There is nothing specific to this case proffered by the defendants as a particular point of dispute in this regard.

Brady v. Maryland, 373 U.S. 83 (1963), requires the disclosure of exculpatory evidence which the government is aware of and which is within its custody or control.  United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).  In United States v. Gordon, 844 F.2d 1397 (9th Cir. 1988) the court cited United States v. Bagley, 473 U.S. 667, 682-685 (1985) and stated:

> Under Brady, the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or innocence.  Favorable evidence includes impeachment evidence.  See Giglio v. United States, 405 U.S. 150, 154 (1972).  Assuming the evidence is favorable (either exculpatory or as impeachment), failure to disclose only requires reversal if the evidence is material: "the evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.  A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."See also United States v. Andersson, 813 F.2d 1450, 1458-59 (9th Cir. 1987).

The Brady doctrine, is not absolute.  As stated in United States v. Pollock, 534 F.2d 964, 975 (D.C. Cir. 1976), "broad as this mandate may be, it does not require that all information concerning the government witnesses be made available to the defense."  In addition with respect to alleged Brady material contained in Jencks Act statements, "disclosure is generally timely if the government complies with the Jencks Act." United States v. Anderson, 574 F.2d 1347, 1352 (5th Cir. 1978); United States v. Martino, 648 F.2d 367, 384 (5th Cir. 1981).  The Ninth Circuit has held that "Brady exists as an independent foundation to preserve evidence and is not intended to override the mandate of the Jencks Act." United States v. Bernard, 623 F.2d 551, 556 (9th Cir. 1979).

In United States v. Jones, 612 F.2d 453, 455 (9th Cir. 1979), the court considered a situation where the defense sought materials subject to both the Jencks Act and Brady. The court concluded that the Jencks Act controls, stating:

> The trial court correctly ruled that the defense had no right to pretrial discovery of information regarding informants and prospective government witnesses under the Federal Rules of Criminal Procedure, the Jencks Act, 18 U.S.C. §3500, or Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Federal Rules of Criminal Procedure 16(a)(2) and (a)(3) exclude both "statements made by government witnesses, except as provided in 18 U.S.C. §3500 [Jencks Act]" and grand jury transcripts from the category of evidence that the defense is entitled to discover before trial. This limitation has also been extended to prohibit the pretrial disclosure of the identity of government witnesses in the absence of a showing of reasonable necessity by the defense. The court made it clear that Brady does not overcome the strictures of the Jencks Act. When the defense seeks evidence which qualifies as both Jencks Act and Brady material, the Jencks Act standards control.

Information which the government has or with the exercise of due diligence may ascertain regarding any consideration, regard, agreement, or promise, including a grant of immunity, should be provided by the government as Jencks Act material upon timely request of the defense. Pursuant to 18 U.S.C. §3500, Jencks Act material need not be produced until after the witness has testified on direct examination in the government's case-in-chief. Any statement made by a government witness which is inconsistent with that witness's testimony, if on matters relating to this trial, shall be produced at or before trial as Jencks Act material.

The defendant's request for exculpatory information may serve as notice upon the prosecution of exactly what exculpatory information the defendant maintains is material to the outcome of his case. Generally, it is for the government to assess its need for confidentiality against the defendant's need to use the material in order to obtain a fair trial since the government is under the constitutional duty to do so on its own initiative. United States v. Cadet, 727 F.2d 1453, 1467 (9th Cir. 1984).

Under Brady, the prosecutor is charged with knowledge of the significance of the evidence in his file regardless of whether he overlooks it. United States v. Agurs, 427 U.S. 97 (1976). According to the government's response, various documents and information have already been furnished to defendant. Except as provided herein, the court declines to order specific disclosure of information, although the government should abide by its obligations under Brady, supra.

Due process requires the government to disclose upon request evidence favorable to an accused where the evidence is material either to guilt or innocence or to punishment. Brady v. Maryland, supra. When a defendant makes a specific request for material exculpatory information, the prosecutor must respond "either by furnishing the information or by submitting the problem to the trial judge." United States v. Agurs, 427 U.S. at 106; United States v. Lehman, 756 F.2d 725, 729 (9th Cir.), cert. denied, 474 U.S. 994 (1985). The defendant's due process right to exculpatory information is independent of and supersedes the scope of discovery allowed under Rule 16. See id. at 107 ("We are not considering the scope of discovery authorized by the Federal Rules of Criminal Procedure. . . . We are dealing with the defendant's right to a fair trial mandated by the Due Process Clause.") United States v. DeMarco, 407 F.Supp. 107, 111 n.2 (C.D. Cal. 1975) (fact that government memoranda are not discoverable under Rule 16(b) [now 16(a)(2)] cannot qualify the government's duty under Brady); 2. C. Wright, Federal Practice & Procedure: Criminal 2d, §254 at 81 (1982).

Notably, the discussion of law in Ms. Chaison's motion at page 15 under the heading "J" is completely inapposite. The cases discussed there assume factual situations not shown to be before the court. Beyond this the government has made it quite clear that it is aware of its responsibilities should any such scenarios come to its attention. Again, the government's discussion of the law is both accurate and complete.

Finally, the government's response did not address defendants' request "I"

which seeks: "Any report, document or information which details the criminal activities of the cooperating witnesses which were undertaken by him without the authority of the Government, but for which the Government has elected, formally or informally, not to prosecute." There being no objection to "I" the government will be ordered to produce any such material in a timely fashion. Again, however, this is limited to material exculpatory information within the prescripts of *Brady*.

## CONCLUSION

The government is directed to review its evidence and, if it contains information which is exculpatory under Brady the government shall timely disclose such information to the defendant.[1] If, upon review, the government believes that no additional Brady information is contained in its files, then the government shall so respond to the defendant in writing. The defendant's specific requests at docket No. 148 for an order compelling immediate pre-trial disclosure of information are DENIED.

DATED this 28th day of February, 2006, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

---

[1] "Brady does not necessarily require that the prosecution turn over exculpatory material before, rather than at trial. To escape the Brady sanction, disclosure 'must be made at a time when disclosure would be of value to the accused.' United States v. Davenport, 753 F.2d 1460, 1462 (9th Cir. 1985); see also, United States v. Shelton, 588 F.2d 1242, 1247 (9th Cir. 1978) (delay in disclosure only requires reversal if it so prejudiced appellant's preparation or presentation of his defense that he was prevented from receiving a fair trial), cert. denied, 442 U.S. 909 (1979)." United States v. Gordon, supra.