UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>BYRON WILLIAMS,<br>LATONYA STUCKEY,<br>KELVIN WASHINGTON<br>RODERICK WILLIAMS,<br>MARIE INEZ HASAN-LOMAX,<br>TANYA CHAISON and<br>PAULA MARIE ROBARDS,<br><br>        Defendants. | 3:05-cr-00076-RRB-JDR<br><br><u>ORDER<br>REGARDING<br>MOTION FOR BILL OF<br>PARTICULARS</u><br><br>(Docket No. 152) |

Defendant **Tanya Chaison** moves the court for an order directing the government to file a bill of particulars revealing how she allegedly maintained drug activities on premises known as 611 E. 9th Ave #2 Anchorage, Alaska 99501. Specifically, Chaison requests the government to state each incident between January 11, 2004 and August 13, 2005 that the government intends to rely upon as

establishing when Chaison knowingly leased, rented, used or maintained 611 E. 9th Ave, Apt #2 and to identify the amount of drugs allegedly involved for each of the aforementioned incidents. The government opposes the motion. Docket No. 196. The court has reviewed the indictment and determines that it alleges the essential elements of the offense charged.

It is axiomatic that a defendant may not use a motion for a bill of particulars to inquire into the means and manner by which a defendant committed a specific criminal act. Ellis v. United States, 321 F.2d 931, 932 (9th Cir. 1963); Pines v. United States, 123 F.2d 825, (9th Cir. 1941). It is generally sufficient if the indictment tracks the statutory language as it appears to do in the instant case. See United States v. Mustachio, 968 F.2d 782, 787 (9th Cir. 1991). The government's response reaffirms the time frame for the alleged activity to occur between January 11, 2004 when the defendant purportedly signed a lease continuing until the execution of a search warrant on August 13, 2005. The government is not required to provide the defendant with its theory of the case or details of evidence it intends to present at trial. See United States v. Cochrane, 985 F.2d 1027, 1031 (9th Cir. 1993); Mustachio, 968 F.2d at 787. Because the indictment adequately informs the defendant of the charge under contemporary case law she is not entitled to a bill of particulars requiring the government to state specifically the incidents, events, or occurrences that it claims establishes the elements of the offense charge. The

defendant has made an insufficient showing that the bill of particulars is needed to enable her to prepare for trial, prevent surprise or interpose a plea of double jeopardy.  Admittedly, she would benefit by the particulars sought, but discovery in a federal criminal case is more limited with respect to the information she seeks.

**Accordingly, the motion for bill of particulars is hereby denied.**

DATED this 8th day of March, 2006, at Anchorage, Alaska.


/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge