UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>BYRON WILLIAMS,<br>LATONYA STUCKEY,<br>KELVIN WASHINGTON,<br>RODERICK WILLIAMS,<br>MARIE INEZ HASAN-LOMAX,<br>TANYA CHAISON and<br>PAULA MARIE ROBARDS,<br><br>　　　　　　Defendants. | 3:05-cr-00076-RRB-JDR<br><br>**ORDER**<br>**REGARDING**<br>**MOTION FOR PRODUCTION**<br>**AND INSPECTION OF GRAND**<br>**JURY PROCEEDINGS**<br>**(Defendants**<br>**06-Chaison and 04-R. Williams)**<br><br>(Docket Nos. 149, 174, 186) |

　　　　Defendant **Tanya Chaison** moves the court for an order permitting her to inspect and copy the proceedings of the Grand Jury that returned the indictment against her including a transcript of testimony of persons who testified before the grand jury, documents and reports used by any witness in testifying before the grand jury, all books, records, and documents obtained from the defendant or any third

person upon which the grand jury relied, records and documents relating to the grand jury that returned the indictment including information as to who was present during the proceedings, identity of persons to whom proceedings before the grand jury have been disclosed, including a certification by the government's attorney that such persons have been advised of their obligation of secrecy pursuant to Federal Criminal Rule 6(e)(3)(b), and records of any disclosure of matters occurring before a grand jury to a successive grand jury. **The motion is joined by co-defendants Roderick Williams, Docket No. 165 and 174 and Byron Williams, at Docket No. 186.** The motion is opposed by the government. Docket No. 203. **For reasons stated below the defendants' request for discovery relating to grand jury proceedings is denied.** This order does not limit the defendants' access to publically available ministerial information from the Clerk of Court with respect to the Grand Jury that indicted the defendant(s).

According to the government's response the defendant(s) did not testify before the grand jury. There is a general prohibition against disclosure of grand jury proceedings imposed by Federal Criminal Rule 6(e). In re Grand Jury Investigation, 610 F.2d 202 (5th Cir. 1980). A request for disclosure of grand jury testimony is subject to the secrecy provisions of Federal Criminal Rule 6(e)(3)(C)(I) and must satisfy the particularized need test of Douglas Oil Co. v. Petrol Stops, Northwest, 441 U.S. 211 (1979); Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395

(1959); United States v. Procter & Gamble, 356 U.S. 677, 681 (1958). The rule requires disclosure only when a defendant has been able to demonstrate a "particularized need" for disclosure. Dennis v. United States, 384 U.S. 855 (1966). No particularized showing has been made by the defendants.

Disclosure is not lightly granted and will not be ordered by the court because of unsupported suspicion and mere assertions of government misconduct. There must be a "concrete basis" for allegations of misconduct or insufficient evidence. See Matter of the Special April, 1977 Grand Jury, 587 F.2d 889, 892 (7th Cir. 1978). Mere speculation of procedural improprieties or that grounds may exist for a motion to dismiss are insufficient. United States v. Budzanoski, 462 F.2d 443 (3rd Cir. 1972); United States v. Fanning, 477 F.2d 45 (5th Cir. 1973), cert. denied, 415 U.S. 1006. A strong presumption exists that the grand jury has validly performed its duties in returning an indictment. Costello v. United States, 350 U.S. 359 (1956); Lawn v. United States, 355 U.S. 339, 350 (1958). Mere conjecture that the grand jury had insufficient evidence before it to returned a true bill does not constitute a showing of particularized need for disclosure.

To show a "particularized need", defendants must establish that the material they seek is needed: (1) to avoid a possible injustice in another judicial proceeding, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that their request is structured to cover only the material so needed.

Douglas Oil, 441 U.S. at 221-222, citing Procter & Gamble Co., 356 U.S. 677. The standard of particularized need is narrowly applied to ensure that only relevant grand jury testimony is made available to defendants. United States v. Kim, 577 F.2d 473, 478 (9th Cir. 1978). The court will not invade grand jury secrecy based on a defendant's fishing expedition. United States v. Ferreboeuf, 632 F.2d 832, 835 (9th Cir. 1980). **Accordingly, the motion at Docket No. 149, and the joinders filed at Docket Nos. 174 and 186 are denied.**

DATED this 8th day of March, 2006, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge