UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br>vs.<br><br>BYRON WILLIAMS,<br>LATONYA STUCKEY,<br>KELVIN WASHINGTON,<br>RODERICK WILLIAMS,<br>MARIE INEZ HASAN-LOMAX,<br>TANYA E. CHAISON and<br>PAULA MARIE ROBERDS,<br><br>          Defendants. | 3:05-cr-00076-RRB-JDR<br><br>ORDER<br>REGARDING<br>MOTION FOR PRODUCTION<br>AND INSPECTION OF LAW<br>ENFORCEMENT OFFICER<br>RECORDS<br>(Defendants<br>06-Chaison, 04-R. Williams and<br>01-B. Williams)<br><br>(Docket Nos. 151, 164, 183, 187) |

      Defendant **Tanya Chaison** moves for an order requiring the government to produce for in camera inspection personnel records and information pertaining to the conduct of any law enforcement officer that might reflect on his/her credibility or be useful for impeachment in this case. This motion also seeks an order requiring the government to examine the personnel files of any government agents

or officers who may be witnesses in this case including pretrial hearings and to either disclose information relevant to impeachment or produce such files to the court for an in camera review. In a footnote to her supporting memorandum Chaison notes that she may request the issuance of a Rule 17 subpoena for personnel files of state law enforcement officers. **The motion is joined by co-defendant Roderick Williams, Docket Nos. 164 and 183 and co-defendant Byran Williams at Docket No. 187.** The government filed a response and partial objection at Docket No. 205.

In its response the government acknowledges its duties under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1990) to review the personnel files of federal law enforcement officers who are potential government witnesses. Henthorn requires the government to disclose information favorable to the defense that is contained in the personnel files of testifying officers. In Henthorn at 30-31, the Ninth Circuit indicated that if the prosecution is uncertain about the materiality of information within its possession it may submit that information to the trial court for an in camera inspection and evaluation. Under applicable federal law the prosecutor is responsible for complying with the dictates of Brady and its progeny including Gigilio v. United States, 405 U.S. 150 (1972). The defendant's motion for production and inspection of law enforcement officer(s) records is granted with respect to requiring the federal prosecutor to review all testifying federal law enforcement witnesses' personnel files for material subject to disclosure under

3-05-cr-00076-RRB-JDR CHAISON, WILLIAMS, R, WILLIAMS, B @151, 164, 183, 187 ORDER re Mtn for Production of Law Enforcement Records.wpd

2

**ORDER @151 Mtn Re Law Enf. Records**
3-05-00076-RRB-JDR    Signed by Judge John D. Roberts    03/08/2006; Page 2 of 4

Brady/Gigilio. The prosecutor shall disclose such materials to the defense at least three days prior to the witness testifying. The federal prosecutor shall also be responsible for having the personnel files of testifying state officers reviewed by an appropriate state agent who should notify the prosecutor of any potential Brady material so that the prosecutor determines whether the material should be disclosed or submitted to the court for an in camera review. The court declines to require an in camera inspection of all records and information which may fall into the production category under Brady and its progeny. The government may comply with its Brady obligations by submitted an affidavit by law enforcement officer personally familiar with the relevant facts. Ms. Chaison's list of instances which might arguably reflect on the officer's credibility or be useful in impeachment shall serve as a notice to the federal prosecutor of the non-exclusive list of records that could constitute Brady material.

It is clear under Brady that a defendant has a right to the production of exculpatory evidence in the possession of the government. Pursuant to that right the government must turn over any information about its witnesses that could cast doubt upon the witnesses credibility. *See* United States v. Bagley, 473 U.S. 667, 676-77 (1985).

The prosecutor has a duty to ensure that the government complies with Brady and Henthorn. It is presumed under the law that the prosecutor will comply

3-05-cr-00076-RRB-JDR CHAISON, WILLIAMS, R, WILLIAMS, B @151, 164, 183, 187 ORDER re Mtn for Production of Law Enforcement Records.wpd

3

**ORDER @151 Mtn Re Law Enf. Records**
3-05-00076-RRB-JDR        Signed by Judge John D. Roberts        03/08/2006; Page 3 of 4

with his official duty. See <u>United States v. Jennings</u>, 960 F.2d 1488, 1492 (9th Cir. 1992). **Wherefore, defendant Chaison's motion (and joinders) for the production and <u>in camera</u> inspection of personnel records is granted and denied consistent with this order.**

DATED this 8th day of March, 2006, at Anchorage, Alaska.

<u>/s/ John D. Roberts</u>
JOHN D. ROBERTS
United States Magistrate Judge

3-05-cr-00076-RRB-JDR CHAISON, WILLIAMS, R, WILLIAMS, B @151, 164, 183, 187 ORDER re Mtn for Production of Law Enforcement Records.wpd

4

**ORDER @151 Mtn Re Law Enf. Records**
3-05-00076-RRB-JDR        Signed by Judge John D. Roberts        03/08/2006; Page 4 of 4