UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>vs.<br><br>TANYA E. CHAISON,<br><br>        Defendant. | **3:05-cr-00076-06-RRB-JDR**<br><br>**ORDER ADDRESSING<br>MOTIONS TO COMPEL**<br><br>(Docket Entries 145 & 146) |

      Defendant Tanya Chaison moves the court for an order requiring the government to disclose its evidence under Rule 404(b) of Fed.R.Evid. Docket entry 145. The motion is joined by co-defendant Roderick Williams. Docket entries 171 and 180. The government filed an opposition at docket entry 199. Also before the court is defendant Chaison's motion to compel the identity of confidential informants.

Docket entry 146. This motion is joined by co-defendant Roderick Williams at docket entries 170 & 179. The government submitted an opposition at docket entry 204. These motions are discussed in turn below.

Tanya Chaison and Roderick Williams are charged in Count 1 of the third superseding indictment with conspiring to distribute and possessing with intent to distribute 5kgs or more of cocaine and 50gms or more of a mixture or substance containing a detectable amount of cocaine base (crack), all in violation of 21 U.S.C. § 846. Chaison is charged in Count 2 with co-defendant Byron Williams with maintaining a drug involved premise in violation of 21 U.S.C. §§ 856(a)(1) and (b). Count 3 charges Roderick Williams and co-defendant Paula Marie Roberds with maintaining a drug-involved premise at a different location and date(s) in violation of 21 U.S.C. §§ 856(a)(1) and (b).

### Rule 404(b) Evidence

Rule 404(b) of the Fed.R.Evid. provides that if the government intends to offer evidence of other crimes, wrongs, or acts for the purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, the prosecution shall upon request by the accused "provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of such evidence it intends to introduce at trial." In its response, the government states that it intends to notify the defendants of any

Rule 404(b) evidence at least seven days before trial but objects to providing such information earlier.  Trial in this case is currently set for June 5, 2006.  The dispute between the parties is what constitutes reasonable notice in advance of trial for the government to disclose its Rule 404(b) evidence.  The government states without citing authority that the general practice in this district is for the government to disclose such information seven days prior to trial.  The purpose of the disclosure is to reduce surprise to the defendant and to promote early resolution of the issue of admissibility of evidence.  Upon due consideration of the record herein, **IT IS HEREBY ORDERED:**

        The government shall serve notice of its intent to introduce at Chaison's and/or Roderick Williams' trial evidence of other crimes, wrongs, or bad acts committed by defendants, pursuant to Fed.R.Evid. 404(b) along with a statement of the general nature of the facts underlying such evidence no later than ten calendar days prior to the date of trial.  The duty for the government to provide such notice is a continuing one; and should the government learn for the first time subsequent to such date that it has Rule 404(b) evidence to present at trial, the government shall immediately bring this to the attention of the court and be prepared to demonstrate good cause to excuse earlier notice of such evidence to the defendants.

//

**Disclosure of Confidential Informants**

Chaison moves the court to require the government to disclose the names, current addresses, and copies of statements of confidential informants prior to trial. The request includes disclosure of exculpatory informants, if any, with regard to the charges against the defendant. Chaison's motion seeks information concerning informants claiming to provide information or evidence that she maintained a drug-involved premise with regard to 6611 East Ninth Avenue, Apartment 2, Anchorage, Alaska, on or about January 11, 2004, to August 13, 2005. Roderick Williams is not named in Count 2 charging the offense of maintaining a drug-involved premise at that address. The government's response addresses its Brady obligations to disclose exculpatory information. Chaison's motion is not so limited.

A seminal case addressing disclosure of the identity of a confidential informant is Roviaro v. United States, 353 U.S. 53 (1957). There, the Court noted the government's privilege to withhold the identity of informants based upon the protection of the public interest and effective law enforcement, subject to limitations. The trial court is called upon to balance the extent to which pretrial disclosure would be helpful to the defendant and the government's interest in protecting the informant. "To obtain disclosure, a defendant must show a need for the information, and more than a mere suspicion that the informant has information that will be relevant and

helpful to his defense, or will be essential to a fair trial." United States v. Henderson, 241 F.3d 638, 645 (9th Cir. 2000).  Under Henderson the trial court must conduct an *in camera* hearing when the defendant makes a minimal threshold showing that disclosure would be relevant to at least one defense.

Chaison does not allege specific facts indicating that disclosure is essential to a fair determination of her cause.  Rather, the defendant speculates that there might be a person who informed against her for reasons of animus and argues that the government has not provided any "key" evidence linking her to the aforementioned address at or about the time of the alleged offense.  Clearly, Chaison is seeking disclosure of the informant as discovery as she complains that the indictment provides little information "about the who, what, when, where, and why of the allegations against [her]."  Motion Pertaining to Confidential Informant, docket entry 146, p. 3.  In essence, she seeks the identity of any person(s) who has accused her of wrong-doing regarding Count 2.  Chaison seeks to determine the "significance" of any informant's testimony that might be offered by the government at trial.

The Due Process Clause does not necessarily require identification of an informer.  Weatherford v. Bursey, 429 U.S. 545 (1977).  The Ninth Circuit recognizes that a "percipient witness" must be disclosed.  United States v. Cervantes, 542 F.2d 773, 775 (9th Cir. 1976).  Likewise, disclosure is required when

the informant was a participant in the events that were critical to the prosecution's case. United States v. Hernandez, 608 F.2d 741, 744-45 (9th Cir. 1979). Where an informer's testimony is essential to a fair determination, the government may be required to disclose his identity and address. United States v. Anderson, 509 F.2d 724 (9th Cir. 1975); United States v. Roberts, 388 F.2d 646 (2d Cir. 1968).

The court has an obligation to determine whether there are any undisclosed informers whose testimony would be helpful to the defense. United States v. Cadet, 727 F.2d 1543 (9th Cir. 1984). In making this determination, the court will consider the crime charged, the possible defense, the possible significance of the informant's testimony, and other relevant factors. Wherefore, in order to enable the court to make such a determination, the United States shall submit by affidavit facts relating to the role of any informer in the investigation and/or prosecution relating to the request for disclosure by the moving defendants. **The government is directed to file its affidavit(s) for an *in camera* review by 4:00 p.m.** May 8, 2006. The magistrate judge will then consider the government's interest in withholding the informer's identity, whether or not the informer will be produced at trial, and whether or not the informer was a participant, mere tipster, or engaged in some other role in the alleged crimes. For purposes of the *in camera* review, the definition of an informer includes a person who provides evidence against a

defendant for some personal advantage or vindication, as well as for pay or immunity.  <u>People of Territory of Guam v. Dela Rosa</u>, 644 F.2d 1257 (9th Cir. 1981).

DATED at Anchorage, Alaska, this 1st day of May,  2006.


        /s/ John D. Roberts  
        JOHN D. ROBERTS  
        United States Magistrate Judge