UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br>vs.<br><br>TANYA E. CHAISON,<br><br>　　　　　Defendant. | 3:05-cr-00076 (RRB) (JDR)<br><br>**RECOMMENDATION ON MOTION<br>TO SEVER**<br><br>(Docket Entry 144) |

　　　　Defendant Tanya Chaison moves the court to sever her trial from that of her co-defendants. Docket entry 144. The motion is opposed by the government. Docket entry 198. For reasons stated below, I recommend that the motion to sever be granted/denied.

Chaison first argues that she is improperly joined in a single indictment with her co-defendants. Rule 8(b) of Fed.R.Crim.P. provides that an indictment may charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendant may be charged in one or more counts together or separately. All defendants need not be charged in each count."

Chaison is charged in Count 2 only of a three-count indictment (Docket No. 99). She is charged with co-defendant Byron Williams in Count 2 with maintaining a drug-involved premise in violation of 21 U.S.C. §§ 856(a)(1) and (b). Count 3 charges co-defendants Roderick Williams and Paula Roberds with maintaining a drug premise at a difference location and time frame. Count 1 charges a conspiracy to distribute and possess with intent to distribute cocaine and crack in violation of 21 U.S.C. §846. Charged in the conspiracy count are Byron Williams, Roderick Williams, and Marie Hasan-Lomax. The government responds that Chaison is charged in the same series of acts or transactions that gave rise to the indictment. The goal of Rule 8(b) is to maximize trial convenience and efficiency with a minimum of prejudice. <u>United States v. Sanchez-Lopez</u>, 879 F.2d 541, 550 (9th Cir. 1989). The rule is construed liberally in favor of joinder. <u>United States v. Baker</u>, 10 F.3d 1374, 1387 (9th Cir. 1993). In determining whether two or more offenses are part of the "same series of acts or transactions constituting an offense,"

the court looks for a "logical relationship" between the offenses. The Ninth Circuit has explained that "transactions" has a flexible meaning and that the existence of a "series" depends upon the degree to which the events are related. United States v. Sarkisian, 197 F.3d 966, 976 (9th Cir. 1999). A logical relationship may be shown by the existence of a common plan, scheme, or conspiracy. *Id.* A "logical relationship" may also be shown if "the common activity constitutes a substantial portion of the proof of the joined charges." Id., citing, United States v. Vasquez-Velasco, 15 F.3d 833, 844 (9th Cir. 1994).

Chaison is named in the first overt act of the conspiracy alleging that she rented an apartment at 6611 East Ninth Avenue, Anchorage, for the purpose of possessing and storing cocaine and manufacturing cocaine base (crack). It is further alleged that Byron Williams used the apartment to manufacture crack and distribute cocaine and crack from on or about January 12, 2004, through August 13, 2005. The drug offense alleged in Count 3 is sufficiently tied into the conspiracy charged through defendant Roderick Williams. Chaison is properly joined in the indictment and is not entitled to severance on the basis of improper joinder.

Chaison seeks severance based upon concern about a violation of Bruton v. United States, 391 U.S. 123 (1968) wherein the Supreme Court held that a defendant's confrontation rights are violated when his co-defendant's confession

is admitted at their joint trial, even if the judge instructs the jury that the confession was admissible only against the co-defendant.  The government responds that it has not yet identified what statements of co-defendants it intends to offer at trial, but it does not intend to violate Bruton.  The United States indicates that it will bring any such statement to the attention of the defendant and the court to the extent that the United States "discovers" a statement it intends to so use.  For purposes of case management and to protect the parties' rights the government should provide notice of such statement to the defendant and the court no later than thirty (30) days prior to trial.  Any such Bruton problem that may arise can then be addressed prior to trial.

    Rule 14(a) of the Fed.R.Crim.P. provides that if the joinder of offenses or defendants in an indictment "appears to prejudice a defendant, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  The burden is on the defendant to make a strong showing that she will be prejudiced by being tried with other defendants. Williamson v. United States, 310 F.2d 192 (9th Cir. 1962).  The prejudice must be clear, manifest, or undue.  United States v. Adler, 879 F.2d 491, 497 (9th Cir. 1988).

    Chaison has yet to establish prejudice or any compelling reason to support her severance motion based upon prejudicial joinder, other than to express a concern that evidence against co-defendants would "spill over" onto the defendant causing her trial to be unfair.  "Merely suggesting, or even demonstrating, a

3-05-cr-00076-RRB-JDR CHAISON @144 RR Mtn to Sever.wpd  4

RR @144 Re Mtn to Sever (CHAISON)
3-05-cr-00076-RRB-JDR Signed by Judge John D. Roberts 05/05/2006;Page 4 of 6

comparative advantage in separate trials, absent a showing of manifest prejudice, does not entitle a co-conspirator to severance." Adler, *supra*. The fact that there may be more incriminating evidence against one defendant as apposed to a co-defendant is insufficient to justify a separate trial for the latter. United States v. Marcello, 731 F.2d 1354 (9th Cir. 1984).

The government takes the position that Chaison is an unindicted co-conspirator such that a co-defendant's out-of-court statement might be admissible against her under Rule 801(d)(2)(E) of the Fed.R.Evid. which provides that a statement is not hearsay if the "statement is offered against a party in furtherance of the conspiracy." The government must first lay a foundation for the admission of co-conspirators' statements. It is premature to determine that Chaison will or will not be prejudiced by the admission of as yet unidentified co-defendants' statements.

That Chaison may stand a better chance of acquittal if tried separately does not entitle her to a severance. Zafiro v. United States, 506 U.S. 534 (1993). The determination of the admissibility of evidence of the drug conspiracy charged in Count 1 to demonstrate that Chaison knowingly and intentionally opened, leased, rented, used and maintained an abode at 6611 East Ninth Avenue #2 for the purpose of manufacturing, distributing and using cocaine and cocaine base (crack) is a matter better reserved for trial. Wherefore, defendant Chaison's pretrial motion for severance, docket entry 144, should be denied without prejudice pending the

outcome of evidence offered by the government at trial. IT IS SO RECOMMENDED.

DATED at Anchorage, Alaska, this 5th day of May, 2006.


    /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, Friday, May 12, 2006**, to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **NOON, Thursday, May 18, 2006**. The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).