NELSON P. COHEN
United States Attorney

CRANDON RANDELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
(907) 271-5071
(907)271-1500
email: crandon.randell@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | No. 3:05-cr-76-6-RRB |
| ) | |
| Plaintiff,     ) | |
| ) | |
| vs.     ) | **SENTENCING MEMORANDUM** |
| ) | |
| TANYA E. CHAISON,     ) | |
| ) | |
| Defendant.     ) | |
| ) | |

      COMES NOW  Plaintiff United States of America, by and through counsel, and hereby submits this Sentencing Memorandum.

      Ms. Chaison stands convicted of one count of Maintaining a Drug Involved Premises, in violation of U.S.C. §§ 846, 856(a)(2) and (b). On January

18, 2006, a Third Superseding Indictment was filed charging Chaison as well as Byron Williams, Roderick Williams, Marie Inez Hasan-Lomax, and Paula Roberds. On January 27, 2006, Chaison was arrested by agents of the Drug Enforcement Administration. Following her arrest, Chasion agreed to be and was interviewed by law enforcement. Chaison has been detained since the day of her arrest.

      The Presentence Report (PSR) presents a guideline imprisonment range of 70 – 87 months (PSR, ¶ 76) based primarily on a guideline level of 26, which in turn is based upon "at least 50 grams but less than 150 kilograms of cocaine base." PSR, ¶ 12.

Sentencing Issue #1

      As the PSR writer correctly points out, this amount of "the underlying controlled substance" was contained in the Plea Agreement between the parties. *See* Plea Agreement, pg. 11. The Plea Agreement did allow for defendant to " have the right to advocate for an Offense level of less than level 26 . . . ." Plea Agreement, pg. 12. *See also* pgs. 3 and 5.

      It is agreed by all that Tanya Chaison rented an apartment at 6611 East 9th, Apt. #2, from mid-January 2004, until sometime in July of the same year. She lived there, along with a child, with co-defendant Byron Williams. Chaison testified at

trial that she knew Williams was a drug dealer and suspected that he cooked up crack cocaine in the apartment.[1] There was, however, no evidence that Chaison herself was involved in any way with the manufacture or distribution of drugs. Her connection to Williams appeared to be primarily economic and romantic.

It is not contested that the government bears the burden of establishing the amount of drugs alleged to be attributable to any defendant. In this case, that amount is uncertain.

Sentencing Issue #2

The Plea Agreement in this case provides for the government to move the court to consider a downward departure pursuant to U.S.S.G. §5K1.1 – <u>Substantial Assistance to Authorities</u>. Here, defendant immediately agreed to cooperate, and gave authorities a statement running to six typed pages. In addition, defendant testified for the government at trial. Complicating the 5K1 issue, however, is the "timeliness of the defendant's assistance." U.S.S.G. §5K1.1(a)(5). Following her initial cooperation, defendant proceeded to file no fewer than 12 motions in February, 2006. It was not until June 19, 2006, that Chaison filed her motion to change plea.[2]  This degree of litigation can have a chilling effect on the 5K1

---

[1] Her testimony in the area was somewhat flimsy.

[2] Trial as to the remaining co-defendants commenced June 26, 2006.

process.

However, given the fact of Chaison's initial cooperation, and taking into account her agreement to testify at trial, the government is of the view that she should receive the benefit of a motion under 5K1.1.

## Recommendation

The guidelines for this offense, found at U.S.S.G. §2D1.8(a)(2), provide that "if the defendant had no participation in the underlying controlled substance offense <u>other than allowing use of the premises</u>, the offense level shall be **4** levels less than the offense level from §2D1.1 applicable to the underlying controlled substance offense . . . ." (Emphasis supplied). The count to which defendant pleaded guilty, i.e., Count 2 of the Fourth Superseding Indictment, sets forth the purpose of the "place" as being to manufacture, distribute, and use "cocaine and cocaine base (crack)." The first reference to cocaine and cocaine base in the Drug Quantity Table at §2D1.1 is located at §2D1.1(c)(14) – Level 12. This level sets forth "less than 25 G of Cocaine" and/or "less than 250 MG of Cocaine Base." The 25 G of Cocaine represents 25 grams, or just under one ounce; the 250 MG represents 1/4 gram of crack. Chaison's criminal history category is IV. PSR, ¶ 34.

A Level 12 with a criminal history category of IV results in a guideline range of 21 – 27 months. In view of Chaison's cooperation, and in view of her

4

comparatively limited role (compared with her co-defendants), and, finally, in view of the government's inability to fix, or establish, the amount of drugs attributable to the "underlying offense," 24 months seems a fair sentence.

In addition, defendant should receive the maximum three year period of supervised release, as well as the $100 Special Assessment.

RESPECTFULLY SUBMITTED this 5th day of September, 2006, at Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Crandon Randell
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
(907) 271-5071
(907)271-1500
email: crandon.randell@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on September 5, 2006 a copy
 of the foregoing was served electronically on:

Scott Dattan


s/ Crandon Randell