IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| BYRON WILLIAMS, RODERICK WILLIAMS, MARIE INEZ HASAN-LOMAX, **TANYA E. CHAISON**, and PAULA MARIE ROBARDS | ) |
| Defendants | ) Case No.: A05-76 (4) Cr. (RRB) |

### DEFENDANT'S SENTENCING BRIEF

COMES NOW Tanya Chaison, by and through counsel, David R. Weber, of the firm of Vasquez & Weber, P.C., and this, Defendant's Sentencing Brief. Ms. Chaison respectfully requests the Court to take a close and critical look at the facts of this case *as they relate to her*. While she should be punished for her conduct, she should not bear the brunt of the unrelated conduct of others. This fact is reflected in the Government's sentencing brief, with which Ms. Chaison is in substantial agreement.

As an initial matter, Ms. Chaison is responsible for the drug activity occurring at 6611 East 9th, Apt. # 2 Anchorage, Alaska, from January 12 to July 12, 2004. That is what she plead "Guilty" to. That is, the parties agree, the term of the lease she signed for the property. Thereafter, she lived elsewhere, at locations not at issue in this case.

Upon looking at the whole of Ms. Chaison's involvement, the Court should stay its hand. A proper application of the law of sentencing will not make this difficult. A sentence of 24 months is fair.

"Since the government is initially invoking the court's power to incarcerate a person, it should bear the burden of proving the facts necessary to establish the base offense level." United States v. Howard, 894 F.2d 1085, 1090 (9th Cir. 1990). It is the Government's burden to establish the amount of drugs chargeable to Ms. Chaison. United States v. Ameline, 409 1073 (9th Cir. 2005) (en banc); see also United States v. Charlesworth, 217 F.3d 1155, 1158 (9th Cir. 2000). Further, given the severe consequences involved, the Government would also have to do so by an elevated standard of proof. The Ninth Circuit requires any factual allegation which substantially increases a sentence to be proven by "clear and convincing evidence."[1] While the United States Sentencing Commission has stated that it "believes that use of a preponderance of the evidence standard is appropriate to meet due process requirements. . . ." (U.S.S.G. § 6A1.3, comment), there is no statute or rule underlying that belief. Conversely, Justice Thomas pointed out that "the Court's holding today corrects this mistaken belief." Booker, 125 S. Ct. at 799 n. 6. Although Ms. Chaison waived arguing the new legal proposition that the "beyond a reasonable doubt" standard applies, she did not waive the "clear and convincing evidence" standard of existing 9th Circuit precedent.

Ms. Chaison does not wish to waste the Court's time. She requests that the Court to recognize and utilize the record of the trial of her co-defendants, despite her not having been able to participate other than as a witness for the Government.

---

[1] United States v. Mezas de Jesus, 217 F.3d 638 (9th Cir. 2000) (sentencing range of approximately two years increased nine levels resulted in disproportionate enhancement requiring higher burden of proof); United States v. Hopper, 177 F.3d 824, 833 (9th Cir. 1999) (recognizing that an enhancement extremely disproportionate effect can require application of the clear and convincing standard and concluding a four level enhancement did not have such an effect while a seven level enhancement did).

That record does not establish discrete drug amounts attributable to the 6611 East 9th, Apt. # 2 address during Ms. Chaison's 6 month tenure there during 2004. Nevertheless, some amount of cocaine base was made there. Further, though the amount is unknown, it was not *de minimus*.

Paragraph 12 of the Pre-Sentence Investigation Report ("PSR") interprets the plea agreement to establish a base offense level using "at least 50 grams but less than 150 kilograms of cocaine base." **There is no such stipulation or agreement between the parties.** While the plea agreement (drafted by the Government) calculated a sentence range using those figures, the agreement reserved to Ms. Chaison the right to "put on evidence at the time of sentencing, and allow the court to make an independent finding that her guideline level after any reduction for acceptance of responsibility, as that term is defined in the U.S.S.G., is lower than that calculated by the government." Plea Agreement, page 3. See also pages 5, 8, 12 and 17. For that reason, **the "factual basis for the plea" does not specify any drug amount.** Plea Agreement, page 13 – 14.

Nevertheless, some amount of cocaine base was made there. Further, though the amount is unknown, it was not *de minimus*. Though Ms. Chaison can "put on evidence," and the Government bears the burdens of proof and persuasion at sentencing, the parties joint proposal of 24 months is a fair compromise, using the minimum cocaine base level reflected in the U.S.S.G. § 2D1.1 table.

"Less than 250 MG of Cocaine Base" is the smallest amount of crack reflected in the U.S.S.G. table. U.S.S.G. § 2D1.1(c)(14). Thus, calculations start at Level 12. That is the analysis the Government has proposed. Ms. Chaison has agreed to the 24 month result.

1   The Government's analysis fails to provide the U.S.S.G. § 2D1.8(a)(2) 4
2   level reduction, the U.S.S.G. § 3E1.1(a) and (b) 2or 3 level reduction or any
3   U.S.S.G. § 5K1.1. reduction.  ***Ms. Chaison notes the omission, but believes it to be
4   an oversight on the road to an agreed disposition.***  Only if the Court were to start
5   from a different U.S.S.G. level than 12, would Ms. Chaison would urge those
6   adjustments and 18 U.S.C. § 3553 adjustments as well.  As it is, ***Ms. Chaison feels
7   obliged to honor her agreement with the Government and not urge the
8   adjustments.***

9   Were the Parties' agreement and the Government's recommendation
10  rejected, however, Ms. Chaison would point out the following sentencing factors.
11  Ms. Chaison's criminal history overstates her culpability for the purposes of this
12  offense.  There is some inkling in the law that incarceration has some rehabilitative
13  and deterrent effect.  The criminal convictions listed in paragraphs 29 and 30 of the
14  PSR involve punishments imposed after July 12, 2004, when Ms. Chaison left
15  6611 East 9th, Apt. # 2.  The deterrent effect of those sentences has not been tested
16  by the existence of this case.  It is the presumption that the deterrent effect has been
17  tested and has been found wanting that underlies the theory that an increased
18  sentence is necessary.  That is untrue in this instance.  Thus, Ms. Chaison's
19  criminal history "over represents the seriousness" of Ms. Chaison's criminal
20  history and the Court should consider a downward departure.  U.S.S.G. § 4.A1.3.

21  In addition 18 U.S.C. § 3553 factors are present which counsel leniency.
22  The Court must examine Ms. Chaison the individual in order to impose a sentence
23  that is "sufficient, but not greater than necessary, to" address the 18 U.S.C. §
24  3553(a)(2) factors.  Ms. Chaison's has a history, played out in this matter, of being
25  used by others.  Further, her employment history reflects that she secured

legitimate employment and managed to extract herself from the criminal milieu until she met Mr. Byron Williams.

In doing so the Court should not mistake the seriousness of the Williams' conspiratorial offense with Ms. Chaison's offense. The relevant offense, while serious, is not as serious as the entire Williams' conspiracy. Providing "just punishment" to Ms. Chaison for allowing Mr. William's illicit use of their mutual home for six months requires no punishment of Ms. Chaison for Mr. William's subsequent uses or removed criminal activities. Further, "just punishment" must take into account Ms. Chaison's having removed herself from Mr. William's enterprise and her efforts at legitimate employment and lawful behavior long before the Government put an end to Mr. William's criminal enterprise. "Just punishment" should reflect the fact that Ms. Chaison cooperated with the Government upon her arrest and aided the Government in its presentation of its case to the Court. Finally, "just punishment" should be significantly less that the punishment handed down to Mr. Washington (60 months) and Ms. Stuckey (40 months), people who did far more than acquiesce in Mr. William's criminality: they actively participated in it. 18 U.S.C. § 3553(a)(2)(A).

The adequacy of general deterrence is, by its nature, an unknown and debatable point. As for specific deterrence, however, Ms. Chaison has been adequately deterred. Once again, Ms. Chaison removed herself from Mr. William's enterprise and undertook efforts at legitimate employment and lawful behavior long before the Government put an end to Mr. William's criminal enterprise. Thus, not much more was needed to "deter" her. Ms. Chaison's arrest has seen her incarcerated and separated from her children for eight months. During those eight months, Ms. Chaison has undertaken various rehabilitative programs to

better herself and insure her future lawful behavior. Ms. Chaison has graduated from Phase II of the rehabilitative program she has undertaken and is now working on Phase III. Given the forgoing, minimal jail time is needed to specifically deter Ms. Chaison. 18 U.S.C. § 3553(a)(2)(B).

For the same reasons, minimal jail time is sufficient to protect the public from Ms. Chaison. Ms. Chaison still has a life and job skills that can sustain her in the lawful community. Supervised release or probation can adequately insure that Ms. Chaison remains on track. Conversely, lengthy imprisonment cannot assist in Ms. Chaison's quest for legitimate life and employment skills. 18 U.S.C. § 3553(a)(2)(C).

Finally, the BOP offers nothing in the way of "educational or vocational training, medical care, or other correctional treatment" that can equal or surpass what Ms. Chaison has secured for herself, both before and after her arrest. To the extent that Ms. Chaison needs continuing programmatic support, there is no need for it to occur behind bars. Supervised release or probation can adequately insure that Ms. Chaison remains on track. 18 U.S.C. § 3553(a)(2)(D).

Respectfully submitted this 5th day of September 2006.

> Vasquez & Weber, P.C.
> Attorneys for Tanya Chaison
> S/: David R. Weber,
> 943 West 6th Ste. 132
> Anchorage, Alaska 99502
> (907) 279-9122/9123 fax
> vw.law@acsalaska.net
> Ak. Bar Assn. No. 8409083

CERTIFICATE OF SERVICE

I certify that on September 5, 2006 electronic service of a copy of this Defendant's Sentencing Brief was provided to the Court for all counsel of record pursuant to Criminal Rule 49(b), Civil Rule 5(b)(2)(D) and Local Rules 5, 5.1(a) and 5.2(c)(2).

                                                      S/: David R. Weber

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123
VW.LAW@ACSALASKA.NET